DAWKINS, J.
Plaintiff alleges that it was the employer of one Pink Morris, who, at the end of certain litigation, obtained a judgment for compensation against it under the Workmen’s Compensation Law (Act No. 20 of 1914). After having paid the said judgment, plaintiff brought this suit for indemnification against Knight Bros., alleging that the injuries to Morris were caused through their fault and negligence. The petition alleges that the compensation which it had to pay was “from November 24, 1917,” and which, presumably, was the date of the injury.
Defendant filed a plea of prescription of one year under article 2315 of the Civil Code, which was sustained by the trial court, and that ruling was affirmed by the Court of Appeal. The case is now before us for review under writ of certiorari.
Opinion.
The allegations of the petition, of course, are taken as true for the purposes of the plea, and an examination thereof discloses the following as the basis of the cause of action:
That Pink Morris “was injured by a bale of cotton thrown or dropped from a truck belonging to said Knight Bros., and in charge of employes of the said Knight Bros., and through the fault and negligence of the said aforesaid employés of said Knight Bros., and without the slightest fault or negligence of petitioner”; further, that said injuries were without fault on the part of Morris; and that the injuries sustained by him were a fracture of the left arm, fracture of three ribs, and general bruises over the body. Plaintiff further alleges as follows:
“Petitioner shows that under said judgment it has been compelled to .pay $537.40 to the said Pink Morris, said amount being composed of the following items: Judgment, $396; interest, $41.20; physician, $75; court costs, $25.20.”
*599 Further
“Petitioner shows that the said Pink Morris sustained injuries as a result of being struck by the bale of cotton as above set forth in the amount of $650.”
The prayer is-for judgment in the sum of $é50, with legal interest on $537.40 from August 3,' 1920, the date on which payment is alleged to have been made to Morris of the amount of judgment, interest, and cost, and for legal interest upon “the balance from judicial demand until paid.”
 It is said by defendant that the action is one ex delicto, and that plaintiff can have no greater rights than those of Pink Morris against defendant, a third person, through whose fault the injury is alleged' to have occurred. This is undoubtedly true, in so far as the claim is for and on behalf of Morris; but plaintiff had two causes of action under the law, the one for and on behalf of Morris, and the other for indemnification, as upon an implied or quasi contract to be reimbursed for money which it was compelled to pay on account, of the fault of defendant, for which, under the allegations of the petition, it was in no wise responsible. Appalachian Corporation, Inc., v. Brooklyn Cooperage Co., 151 La. 41, 91 South. 539. If plaintiff, without or before having paid Morris, had sued defendant for the full extent of the latter’s injuries, it could have been said that the action rested solely upon the right of subrogation under Act 20 of 1914, as amended, known as the Employers’ Liability Law or Workman’s Compensation Act. However, in view of the contest which it made of Morris’ claim for compensation, it could not have sued the defendants in this case without waiving the defenses which it made in that case, until the issues were finally settled; hence it waited pntil the sum which it had' been condemned for had been paid, and brought this suit for indemnification or reimbursement. There is no reason which we can see why it could not combine the demand for indemnification with one under the legal subrogation, and in the absence of the plea of prescription have recovered all that was due by defendants for the injuries to Morris, the excess over what was necessary to reimburse it, under the Compensation Act, being for the benefit of the employé.
“It quite frequently happens that a new cause of action is created by a statute or a new remedy is provided by statute to enforce a common-law cause of action, and in consequence it becomes important to determine how the new cause of action shall be enforced, or whether the new remedy supplants the pre-existing common-law remedy. As to the enforcement of a general liability created by statute and unknown •to the common law, the rule is that, if no remedy is provided by the statute, it may be enforced by an appropriate common-law action. But, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone; must be employed, provided it is an adequate one; and the parties cannot, by contract even, vary the procedure provided by the statute. As to the enforcement of a common-law cause of action for which a statutory remedy has been created the rule is as follows: If a statute gives a remedy in the affirmative, without containing any express or implied negative, for a matter which was actionable at common law, this does not, as a rule, take away the common-law remedy, .but the party may still sue at common law as well as upon the statute. In such eases the statute remedy will be regarded as merely cumulative.” R. C. L. vol. 1, p. 323, verbo Actions, § 9.
We deem it unnecessary to review the authorities or principles cited and discussed in the case of Appalachian Corporation v. Brooklyn Cooperage Co., supra, for we think they amply sustain the proposition that, where two persons are liable to another for injuries received, the One because of fault or negligence, and the other merely because of statutory requirements or duty, but without actual fault, the latter, upon paying for the injury so inflicted, may recover of the tortfeasor as indemnity the sum so paid as upon an implied or quasi contract. In the present *601 case, however, the statute under which plaintiff, the employer, was made responsible for the injuries to his employé regardless of fault provides a remedy, as the result of legal subrogation, against the tort-feasor, as follows:
“Sec. 7. * * * That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employé may at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed -and awarded under this act, any employer having pa'id the compensation or having become liable therefor shall be subrogated to the rights of the injured employé to recover against that person, and may compromise the claim therefor in his discretion; provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act then any such excess shall be paid to the injured employé less the employer’s legitimate 'and reasonable expenses and costs of the action, which payment shall be credited upon the balance of compensation, if any, that may become due thereafter.”
 This right of action merely supplements that, recognized by the jurisprudence, as announced in Appalachian Corporation v. Brooklyn Cooperage Company, in that it gives the employer the right, upon becoming legally responsible to the employé for compensation, to sue before as well as after payment, or as soon as the liability becomes fixed, the tort-feasor with subrogation of all the remedies of the injured person, not alone for what might have to be paid, but also for the benefit of the employé up to the full exteht of the injury. But it added nothing to the extent of the employer’s recovery because the excess goes to the employé. To this extent, when asserting the rights of the employé, under the subrogation, that remedy, as well as the cause of action, whether brought in the name of the employer or employé, is prescribed within one year from the date of the injury.
On the other hand, when, at the end of the litigation, the employer paid the employé the sums which it was compelled to under the statute, at that time, and not until then, a cause of action arose in its favor, independent of the statute, as on an implied contract for indemnification at the hands of the defendant, if the injury was caused by the latter’s negligence. As to this latter cause of action, the judgment of plaintiff (the employé) became final on July 13, it was paid on August 3, and this suit was filed on November 13, 1920; so that-the year had not elapsed, conceding that that period of prescription was applicable. But, as said in Appalachian Corporation v. Brooklyn Cooperage Co., the prescription governing this latter cause of action is not that applicable to actions ex delicto.
It is true that, after alleging the facts necessary for a suit for indemnity, plaintiff alleges that it was subrogated to the rights of its employé, indicating a purpose to combine the two causes of action; but, as above stated, we know of no law which prevents this course. On the contrary, both our Code and the law of pleading generally sanctions the cumulation of actions, where there is no inconsistency, and especially where they arise from the same transaction. Wortham’s Civil Procedure, p. 173 et seq. (C. P. art. 148), and authorities there cited.
Our conclusion therefore is that, in so far as the demand exceeds the sum alleged to have been paid by plaintiff to its employé, the plea of prescription was properly sustained ; but as to the claim of $537.40, as for money paid because of the fault of defendant, it should have been overruled.
For the reasons assigned, the judgments of the district court and Court of Appeal are set aside in so far as the demand for reimbursement for money paid to ■ the extent of *603 $537.40 is concerned,'and this cause is hereby remanded to the trial court to be proceeded with according to law and the views herein expressed; defendant to pay costs of the Court of Appeal and of this court: all other costs to await final judgment.