No. 9530.
Orleans Appeal.

---

LORENZO · CLEMENTINE v. HUGH RITCHIE

---

(Application for a rehearing.)
(May 19, 1924. Opinion and Decree.)
(October 6, 1924. Rehearing Refused.)
(October 6, 1924. Bell, J. Dissents.)
(October 17, 1924. Concurring Opinion.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servant, Par. 154, 156.

One whose business, trade or occupation consists of the building and selling of houses is a principal within the meaning of Section 6 of the Compensation Law and is liable for compensation due any employee engaged in the construction of the houses whether such employee be directly engaged by him or not.

2. Louisiana Digest—Laws—Par. 26, 27 28, 29—Master and Servant—Par. 154.

Section 6 of the Compensation Law as thus construed is not repugnant to the constitutional provisions requiring every act to contain but one object which must be expressed in its title and prohibiting the taking of property without due process.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit for compensation unde the Employers' Liability Act No. 20 of 1914. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Ed. Rightor, attorney for plaintiff and appellant.

Daniel Wendling, attorney for defendant and appellee.

WESTERFIELD, J.  The plaintiff, a negro carpenter, was injured in the course of his employment while working for a contractor by the name of Willis. Willis, at the time of plaintiff's injury was engaged in the execution of written contract with the defendant, Ritchie, under which Willis undertook to do all the carpenter work on a certain building which Ritchie was erecting on land belonging to him.

Ritchie was engaged in the business of building and selling houses, and this suit is brought against him under the provisions of Section 6 of Act 20 of 1914 (as amended), known as the Workman's Compensation Act, which provides that the principal shall be liable for any compensation due an employee engaged in the execution of the work, whether such employee was directly engaged by him or by a subcontractor.

The defendant contends that the section referred to can have no application to him, because the word principal, as used in the act, means principal contractor and since he is not a contractor and builds for his own account, he cannot be held to be within the intendment of the law. In the alternative, defendant avers that if the act be susceptible of the interpretation contended for by plaintiff, it is void, because it is in conflict with Section 2 of Article 1, Section 16 of Article III and Section 15 of Art. IV of the constitution of Louisiana of 1921, in that the act is broader than its title contains more than one object, and is a taking of property without due process.

There was judgment below in defendant's favor dismissing plaintiff's suit and plaintiff has appealed.

The learned judge of the trial court was of opinion that the only construction of the Act which would free it from constitional objection was to hold that it had no application to one who undertakes any work for his own account, as defendant in this case does, thus limiting the provisions of the act to those who undertake the execution of works for others, or contractors, and, since the act was easily susceptible of such construction, applying a familiar rule, he adopted the construction which would save the act from constitutional invalidity.

The Section of the act, reads as follows:

"Section 6. Be it further enacted, etc. That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

2. Where the principal is liable to pay compensation under this section, he shall be entitled to indemnity from any person who independently of this section would have been liable to pay compensation to the employee or his dependent and shall have a cause of action therefor.

3. Nothing in this section shall be construed as preventing an employee or his dependent from recovering compensation under this act from the contractor instead of from the principal.

4. A principal contractor, when sued by an employee of a sub-contractor or his dependent, shall have the right to call in that sub-contractor or any intermediate contractor or contractors as defendant or co-defendant.

We cannot agree with our brother of the District Court in his opinion in this case. We think this section of the law plainly discloses a purpose to make a principal, who undertakes any work for his own account as a part of his trade, business or occupation, liable for compensation due any employee engaged upon the work. It will be observed that paragraph 2 of the section declares that where the principal is liable under this section, he shall have a cause of action against any person who independently of the section, would have to pay the compensation and that paragraph 4 provides that "a principal contractor" when sued by an employee of a sub-contractor, shall have the right to call such sub-contractor or any intermediate contractor as defendant or co-defendant.

There is, therefore, two distinct provisions, one giving a principal a right of action against any person who but for this section of the act would be liable and another giving a principal contractor the right to call in any sub-contractor or intermediate contractor. If the word principal referred to principal contractors only, why these two provisions? And, moreover, why not say principal contractor and why use the word "principal" at all? The purpose of the act in this regard is further illustrated by paragraph 3, wherein provision is made permitting injured employee or defendant to sue "the contractor instead of the principal."

Of course, a doctor, or a lawyer, who builds a home would be a principal, but the doctor and lawyer would not be engaged in the occupation of building and selling

homes as was the plaintiff in this case.

The learned counsel for plaintiff, after calling our attention to the fact that Section 6 of our law is almost identical with the corresponding section of the English law, cites the following authorities:

"Honnold on Workmen's Compensation, Vol. 1, page 127, Section 30, speaking of the word principal, says:

"The principal is a person who undertakes to do work for either himself or another, which forms part of his particular trade or business and has engaged a contractor to do part or all of this work."

Harper on Workmen's Compensation, page 499, Section 242, referring to the corresponding provision of the Illinois act, says:

"The provision, therefore, would not apply to the owner of a lot of land who hired other persons to build a house for him for his own personal use and whose business may be that of teaching school or practicing law."

At page 500, Harper says:

"The construction given to the language of the English act also is that if a person carrying on a business which is within the act employs a contractor to do any part of the work, such person should be compelled to compensate the injured workman of the contractor, but he should not be so liable if the work executed by the contractor was merely ancillary or incidental to and was no part of the process of the trade or business carried on by the person employing the contractor."

Bradbury on Workmen's Compensation, (3rd edition), page 264, says:

"The Workmen's Compensation Laws have created entirely new relations between principals and principal contractors and the employees of contractors and sub-contractors. Under many of the compensation acts principals and principal contractors are liable directly to the employees of contractors and sub-contractors."

John Chartres, in Judicial Interpretation of the Workmen's Compensation Law, a work on the English act, at page 2, heading "Principals", says:

"The principal is a person who has undertaken to do work, that is contracted to do work for another person or else is doing on his own account work which forms part of his particular business."

Our conclusions are that the word "principal" as used in the act under discussion is not limited in its meaning to principal contractors, but includes any principal who undertakes any work as a part of his trade, business of occupation.

Nor do we think the act as we construe it, unconstitutional upon any of the grounds urged by defendant.

The constitutional requirement that every act shall have but one object which shall be indicated in its title, does not require that every detail in the act shall be forecast by its title. It is sufficient if the subject of the legislation be cognate, the object being to prevent unrelated subjects being dealt with in the same statute and to have the title of the act declarative of its purpose.

"The constitutional requirement that each statute shall have only one object does not mean that a statute shall not deal with more than one branch of the same subject." Cirello vs. City, No. 25,566, Supreme Court of Louisiana.

The purpose of this act is declared to be "An act prescribing the liability of an employer to make compensation for injuries received by an employee."

The principal is an employer in the same sense in which the principal contractor is an employer and the fact that the employer is not the direct employee of the principal makes such employee none the less an employee. The question of the liability of an employer for compensation due to injuries sustained by workmen over whom he had no direct control, or of imposing a liability without fault involves the third ground upon which the statute is assailed, the question of "due process". Counsel in his brief, declares:

"It would be monstrous to hold, in a case like the one at bar, that the plaintiff could recover against Ritchie, who had no voice in the selection of the men, whom he cannot contral or discharge, nor superintend. Ritchie, the defendant, might see defective scaffolds, defective ladders, or incompetent men; and yet, if he should make complaint about it, should ask for the remedying of these defects or the discharge of these men, he could be told by the party using these instrumentalities, or. hiring these incompetent men, to mind his own business, and' be run off the job; but, when the employee is injured, he and not the employer, is called upon to pay."

The word "monstrous" in this connection, though somewhat intemperate, is perhaps, not altogether inappropriate particularly if we ignore the opprobrious significance and regard it as relating to size, for the authority which sustains the Workmen's Compensation Law, is' indeed monstrous. It is the Nth power of all governmental authority, the least limitable and most exacting. It is a more exhalted exercise of sovereignty than the right of eminent domain under which what is taken is paid for and "embraces power over everything under the sun, and the line that separates its legal from its illegal operation cannot be easily drawn."

In the case of Phillip Hosch vs. Louisiana Box Company, No. 9245, Orl. App. we said:

"When it is remembered that this act controverts long established principles of law in that it imposes upon the employer responsibility without fault or negligence on his part, may even be said to amount to a taking of property without due process, and can only be justified under the police power, the most potent attribute of all governmental authority, the conclusion is irresistable that economic reasons of the most compelling sort and public policy of the most vital import supports its enactment. This is the more evident since every civilized country in the world as we believe has enacted this legislation. Among the most important economic purposes to be subserved we conceive to be that of preventing injured workmen becoming public charges, and to that end it imposes upon industry the burden of maintenance of injured employees which is of course ultimately passed to the consumer."

It was at first held that so radical a departure from previous conceptions of the rights of property as guaranteed by the Fourteenth Amendment as a compulsory Workmen's Compensation Law could not be sustained even by reference to the police power, but the settled jurisprudence is now to the contrary, moreover, elective compensation laws, such as the Louisiana law, have always been sustained.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff and against the defendant in the full sum of Two Hundred Twelve & 82/100 ($212.82) Dollars, with interest thereon from judicial demand until paid, with costs of both courts.

---

ON APPLICATION FOR REHEARING

CLAIBORNE, J. The plaintiff is a carpenter; he was employed to do some work as such on a building belonging to the defendant; while so engaged he fell and was injured. He sues the defendant under the Workmen's Compensation Law. The defense is:

1. That defendant was putting up the building for himself and therefore is not liable.

2. That the defendant was not employer of plaintiff and that plaintiff was not the employee of defendant, and therefore the defendant is not liable.

1. Act 20 of 1914 p. 44 S. 2, extends its benefits to every person performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation in the following hazardous' trades, businesses and occupations, p. 45 line 23: "Work in any of the building or metal trades in the

erection, construtction of any building or structural appurtenances".

The plaintiff was therefore performing services in an occupation designated as hazardous by the statute.

The defendant in his answer "admits that his business was that of building or constructing houses", and he testifies that his occupation is to "build houses and sell them over".

He was building at the time of the accident six houses; he gave the contract for the carpenter work to one Hayes Willis for $325, for each house; and the slating and the plumbing to different contractors; Willis employed the plaintiff. Inasmuch as the defendant was constructing these houses as "part of his business or occupation" and not as an accident, as a dwelling or other building for himself he came under the provisions of the Workmen's Compensation Act of 1914, Hicks vs Meridian Lumber Co., 152 La. 975, 9 South. 903.

This liability is made clear by Section 6 of Act 38 of 1918 p. 52 quoted in the opinion herein. But it is said that the defendant herein is not an "employer" but the "owner", and that the title of the Act of 1914 relates only to "the liability of an 'employer' and that Section 6 of Act of 1918 making 'owners' or other employers liable, who had not employed the workmen, is unconstitutional as violative of Sec. 16 of Article III of the Constitution of 1921."

The Workmen's Compensation Act must receive a liberal interpretation; Dick vs Gravel Logging Co., 152 La. 994, 95 South 99. The word "employer" used in the title of the act means the builder, the person employing the contractors, mechanics, or laborers, who are to construct the building. It is customary for the owner of land constructing a building upon it to entrust the construction to a contractor and others. In that case the contractor employs all the sub-contractors, mechanics and laborers. He is the employer. But nothing prevents the owner from dispensing with the services of a contractor and acting in that capacity himself. In that case he is the "employer himself", and all those employed by his contractors are employees protected by the provisions of the Act. If that definition of the words "employer" and "employee" is correct, then falls the objection of unconstitutionality made by the defendants.

But admitting that this difinition of the word "employer" is too liberal, then I am of opinion that the objection of constitutionality of Sec. 6 has been answered by the decision of my colleague.