No. 9090
Orleans

---

GAIENNIE CO., LTD., AND UNION INDEMNITY CO. Appellant, v. JOHN O. CHISOLM, DOING BUSINESS AS JOHN O. CHISOLM & COMPANY

---

(January 4, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servant —Par. 154, 156.

A general contractor, that is to say, a "principal contractor" or "principal" (So designated in the Employers' Liability Act of Louisiana), is an employer of all workmen, mechanics or laborers, whether the latter are engaged directly by him or by some subcontractor in the construction of buildings or other works undertaken by the general contractor. Such general contractor is, therefore, in no sense a third party, that is to say, "some other person than an employer", who, as such, may be sued under Section 7 of the Act for damages ex delicto, upon conditions therein provided.

2. Louisiana Digest—Master and Servant —Par. 154.

While Section 6 of the Act provides that a "principal" or general contractor who pays compensation to an injured employee of the principal's sub-contractor may recover it back from the sub-contractor, defined as "immediate employer", there is nothing in this section or other sections of the Act which provides that an immediate employer who pays compensation to an injured workman directly employed by him may recover it back from the principal.

Appeal from the Civil District Court, Parish of Orleans, Division "G". Hon. Columbus Reid, Judge.

This is a suit involving the construction of Sections 6 and 7 of the Workmen's Compensation Act No. 20 of 1914.

An exception no cause of action was filed in the lower court and maintained. From this the plaintiff appealed.

Judgment affirmed.

J. C. Henriques and Frank Doyle, of New Orleans, attorneys for plaintiff, appellant.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

BELL, J. The appeal in this case is from a judgment maintaining an exception of no cause of action. At the hearing on appeal, counsel for all parties to the appeal submitted the following written admissions:

"It is admitted that Gaiennie & Co., Ltd., were sub-contractors of Chisolm & Company, who was the general contractor; and it is further admitted all questions of misjoinder and nonjoinder are waived, and the only question to be decided is whether a general contractor can be considered as a third person under the provisions of Sections 6 and 7 of the Compensation Act."

It was also admitted in argument by counsel for plaintiffs and appellants that the exception of no cause of action was properly maintained as to the co-plaintiff, the Union Indemnity Company. (Bouchon vs. Southern Surety Company, et al., 151 La. 503, 91 South. 854.) The parties before this court are, therefore, Gaiennie Co., Ltd., as plaintiff and appellant, and John O. Chisolm as defendant and appellee.

From the foregoing admissions amplifying the allegations of the petition as filed, the case is presented under facts as follows:

On June 30, 1920, while defendant, John O. Chisolm, as general contractor, was erecting the Delgado Trade School in the city of New Orleans, and while plaintiff, Gaiennie Co., Ltd., as sub-contractor, was installing the plumbing in the building, William Shiel, a pipefitter, working for plaintiff, sustained physical injuries for which he sought and obtained compensation under the Employers' Liability Act in the sum of $363.04. This amount was paid him by the Union Indemnity Company, carrying compensation insurance for account of plaintiff.

On May 13, 1921, plaintiff and the Union Indemnity Company filed these proceedings, alleging, in their petition, that the suit was brought against defendant as a third party under the provisions of the Employers' Liability Act, and that plaintiffs were "entitled, as subrogees, to receive $10,000.00 damages by reason of the injuries received by the said Shiel"; that they were further entitled to deduct from the amount of damages here claimed the aforementioned sum of $363.04, which the Union Indemnity Company had paid Shiel, "and to turn over the balance to William Shiel, for whose use and benefit the law authorizes this suit to be brought". Charging the defendant with acts of gross negligence, detailed by averments which could not be here noted, plaintiffs prayed for judgment in the above amount.

At the time of the accident the Compensation Law, particularly Section 7, upon which appellant specially relies and which was amended by Act 38 of 1918, read as follows:

"That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may, at his option, either claim compensation under this Act, or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and

awarded under this act, an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee or his dependent to recover against that person, and may compromise the claim therefor in his discretion; provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this Act, then any such excess shall be paid to the injured employee or his dependent, less the employer's legitimate and reasonable expenses and costs of the action, which payment shall be credited upon the balance of compensation, if any, that may become due thereafter."

It is argued, on behalf of appellant, that the foregoing provisions of the Act constitutes the defendant "some other person than the employer" of the "injured employee", Shiel, and that defendant is consequently a "third person" within the intendment of the Act, and is a party from whom damages ex delicto may be recovered in excess of the compensation already recovered by Shiel. It is further contended that, under this same section of the Act, appellant, as the immediate employer of Shiel, is legally subrogated to Shiel's action not only for the compensation already received by Shiel, but also for damages, which, when recovered by appellant, shall be payable by him to Shiel after deduction of two items, to-wit: The amount of compensation already received by Shiel and also reasonable expenses and costs of this action.

On the other hand, it is contended by appellee that the rights and liabilities of the parties are controlled by the provisions of Section 6 of the Act, and not by those of Section 7, on which latter section the suit is predicated, under erroneous conclusions that the defendant is a third party tort feasor. It is accordingly argued for defendant that:

1. Appellant's only right by way of legal subrogation would have been by suit for recoupment of such compensation as appellant has paid to his employee, Shiel.

2. That appellant, as subrogee of Shiel for recovery of compensation paid Shiel, can have no greater right than Shiel, his subroger.

3. That Shiel, as an employee of appellant, the sub-contractor in this case, has no right of action ex delicto against appellant's principal or general contractor, inasmuch as the only right of action which Shiel has is for workman's compensation, which he, at his option, may have asserted against either appellant, his immediate employer, or against the defendant, his principal employer.

The foregoing contentions appear to us to be well founded, for the following reasons:

Sheil, having elected to accept compensation from his immediate employer, has, under Section 34 of the Act, exhausted his rights and remedies, for it is provided in said section as follows:

"That the rights and remedies herein granted to an employee or his dependent on account of a personal injury, for which he is entitled to compensation under this Act, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations or otherwise, on account of such an injury."

It therefore follows that appellant could not be legally subrogated to an action ex delicto, his subroger being barred from such action because of his electing to seek relief by way of compensation.

In Helton vs. Tall Timber Lumber Co., 148 La. 180, 86 South. 729, it was held that under the Compensation Act one employing an independent contractor is liable only for workmen's compensation in the case of one working for the contractor, if the workman was an employee and not himself an independent contractor.

If Shiel, the injured employee, had seen fit to seek compensation, as he could have done, directly from the principal or general contractor rather than from his immediate employer, the sub-contractor. Chisolm, the general contractor, could have called the immediate contractor (appellant herein) to defend the suit; or had Chisolm paid compensation to Shiel, Chisolm would have had a cause of action against appellant for reimbursement, all in conformity with Sections 2 and 4 of the Act.

However, there is no such proceeding now before the court, the action being predicated as one in tort against Chisolm, a principal contractor, as held under a recent ruling made by this court in Clementine vs. Ritchie, 1 La. App. 296. In that case, we held that the party employing all subcontractors, mechanics and laborers in the construction of ·a building, is an employer of all such workmen who may be directly employed by sub-contractors, and that all such workmen were protected by the provisions of the Compensation Act. Under this ruling we find here, as we did in the case cited, that an owner, if building for himself, or a general contractor building for another, is, under the plain intendment of the Act, an employer and not a third party.

The present suit, brought under Section 7 of the Workmen's Compensation Act, as plainly averred in the petition before us, is properly dismissed as against the principal employer under an exception of no cause of action.

Counsel for appellant invites the court's special attention to the following authorities: Foster & Glassell Co. vs. Knight Bros., 152 La. 596, 93 South. 913; London Guaranty & Accident Insurance Co. vs. Vicksburg, S. & P. Railway Co., 153 La. 287, 95 South. 771; Haynes vs. Bernhard, 268 S. W. 509 (Tex.). We ·have carefully examined the foregoing cases and find the

Louisiana decisions to be wholly inapplicable to the instant case. In the first of the cited cases, it was held, in compliance with the plain provisions of the statute, that an immediate employer who pays compensation to his injured employee has a cause of action against a third party by way of recoupment independent of the Compensation Law. A like ruling in the second of the cited cases was recognized in favor of the insurance company who had protected the immediate employer under similar conditions. These decisions were predicated on the doctrine:

"That where two persons are liable to another for injuries received, the one because of fault or negligence, and the other merely because of statutory requirement of duty, but without actual fault, the latter, upon paying for the injury so inflicted, may recover of the tort feasor as indemnity the sum so paid as upon an implied or quasi-contract." Foster & Glassell Co. vs. Knight Bros., 152 La. 596, 93 South. 913.

The present suit is not based upon legal or conventional subrogation, nor is it brought directly by way of indemnity for which a tort feasor, under Article 2315, R. C. C., would be liable. Appellant's suit is based solely upon rights as he claims to have under Section 7 of the Compensation Act as against one whom we find to be an employer and not a third party, as contended for. We therefore find the Louisiana citations relied upon as inapplicable to the present case.

In Haynes vs. Bernhard, a general contractor named Haynes was constructing a twelve-story building; Campbell was subcontractor, installing plumbing. An employee of Campbell by the name of Bernhard was injured by an elevator operated by Haynes. The American Casualty Company was insurer for Campbell and paid Bernhard compensation for account of Campbell. The facts in the instant case are' very similar to those arising in the above cited case, and it is contended by

counsel for appellant that the compensation law of Texas is the same as the Louisiana statute, in that it permits the injured employee to accept compensation and at the same time to proceed ex delicto against a third party causing the damage. The issue in this last cited case was to the effect that Haynes, the general contractor, was not a third party within the meaning of the Texas Compensation Law. The court of last resort, considering the contention in the light of the statutes, said:

"The statute, if deemed intelligible for any purpose, which is quite doubtful, seems to contemplate, and under it the courts expressly hold, that the employee may pursue both remedies, although the insurance company in such case is entitled to be subrogated to the employee's right of recovery against the third person."

A careful perusal of this last cited case leads us to the conclusion that the decision holding the general contractor liable was not based upon any recognition that said contractor was a third party, but because of the fact, as shown in the language above quoted, that the law, unlike the Louisiana statute, gave to the injured employee a double remedy; one by way of compensation and the other by action ex delicto. The Louisiana Employers' Liability Act, Section 34, denies double remedy, and hence this authority, even if we were inclined to follow it, has no persuasive application in the light of the Louisiana statute.

For the foregoing reasons the judgment of the trial court is, in our opinion, correct and should be affirmed.