LOTTINGER, Judge.
The petitioner, Reserve Insurance Company, filed this suit against the defendant, Wilbur J. Fabre, in subrogation for reimbursement of damages paid by petitioner to its assured under a collision insurance policy. The claim is based upon subrogation rights as contained in the said policy. The defendant filed an exception of one year prescription which was overruled by the Lower Court, and judgment was rendered in favor of petitioner and against defendant in the amount claimed. The defendant has taken this appeal.
The record discloses that petitioner insurance company wrote a collision insurance policy upon an automobile owned by Kenneth C. Cameron. On or about July 15, 1956, the defendant herein was driving the automobile with Cameron’s permission, when he was involved in an accident. The accident, as well as the resulting damages, were caused solely by the negligence of defendant. A dispute arose between Mr. Cameron and the petitioner insurance company relative to the liability of petitioner, which resulted in a suit against the petitioner by Cameron wherein he seeked to recover for the total loss of his automobile. The present defendant was called into said suit by petitioner as a third party defendant. The defendant filed an exception to the jurisdiction, which exception was maintained by the Lower Court. The matter went to the Supreme Court where the exception to jurisdiction was finally maintained in its opinion reported in Cameron v. Reserve Insurance Company, 237 La. 433, 111 So.2d 336. In the meantime, on February 17, 1959, the petitioner paid Mr. Cameron the amount of damages called for by the judgment. The petitioner then filed this suit against the present defendant for reimbursement of the damages so paid. The defendant’s exception of prescription was overruled by the Lower Court and judgment was awarded in favor of petitioner and against defendant. The defendant has taken this appeal.
There is no dispute between the parties to this matter that, in the absence of the filing within one year from the date of the accident of a third party petition, the action is barred by the prescription of one year. This prescription is set forth under the provisions of Article 2315 of the LSA-Civil Code, as the right of the insurer in subrogation is a right in tort. Lumberman’s Mutual Ins. Co. v. Ruiz, La.App., 77 So.2d 84. The problem presented to us is whether under the facts peculiar to this case the filing of the third party petition interrupted prescription as against the defendant. Defendant contends that prescription was not interrupted by the filing of the third party petition. There is no question but that under the provisions of Article 2518 of the Louisiana Civil Code a legal interruption takes place by the citation of a defendant even though the Court wherein the action is pending is without jurisdiction. The defendant, however, takes the position that at the time of the third party petition by petitioner, the petitioner had no cause of ac *440 tion as against the defendant. At that time the petitioner had paid no damages to the owner of the vehicle, and therefore it had not been subrogated to any claim as against the defendant. The right of subrogation did not arise until some two years following the date of the accident, when the damages were paid by the petitioner. Upon payment of these damages, the petitioner became sub-rogated to any rights which its assured may have had against the defendant. It was not until this time that a cause of action arose in favor of petitioner as against the defendant. In support of its position, the defendant cites Lamport, Inc. v. Tepper, D.C., 3 F.R.D. 49, wherein the Federal Court held that in order to invoke the third party practice act a party “must, as a condition precedent thereto, state facts sufficient to constitute an existent cause of action.” In that case, the defendant filed a third party action upon a guaranty contract under which the third party defendant agreed to make contribution to the extent of one-half of whatever the third party plaintiff may be ordered to pay to the original plaintiff. The Court dismissed the third party action because of the fact that the third party plaintiff did not allege that it had made payment. The liability of contribution did not and could not arise until after payment was made by the third party plaintiff to the plaintiff.
The same situation is true in the case at bar. At the time petitioner filed the third party petition against the defendant it did not have a cause of action against defendant as it had not then made any payment to its assured under the provisions of its insurance policy. Inasmuch as it did not become subrogated to its insured’s cause of action against defendant until payment, its cause of action against defendant did not arise until some three years after the collision, or some two years after it filed the third party action. Therefore, petitioner had no legal right to file the third party action upon which it now relies to interrupt prescription, and consequently the filing of the third party action had no legal effect and could not serve to interrupt prescription. The Courts of this State have held that subrogation means substitution. Under this doctrine the subrogee is placed in the position of his subrogor, and does not acquire any greater right than that possessed by the subrogor. Motors Ins. Corp. v. Employers’ Liability Assur. Corp., La.App., 52 So.2d 311. We feel therefore that the Lower Court erred in overruling the exception of prescription.
For the reasons assigned, the judgment of the Lower Court will be reversed and there is judgment herein in favor of defendant and against petitioner maintaining defendant’s exception of prescription and dismissing petitioner’s action, all costs to be paid by petitioner.
Judgment reversed.