155 So.2d 200 (1963)
L. B. LEWIS d/b/a Lewis Trucking Company
v.
REPUBLIC SUPPLY CO. et al.
No. 5922.
Court of Appeal of Louisiana, First Circuit.
July 1, 1963.
*201 Harold J. Rhodes, Berwick, for appellant.
Jones, Kimball, Harper, Tete & Wetherill, by J. Norwell Harper and James C. Hanchey, Lake Charles, Davidson, Meaux, Onebane & Donohoe, by R. C. Meaux, Lafayette, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This cause is before us on the appeal of defendant, L. B. Lewis, d/b/a Lewis Trucking Company (sometimes hereinafter referred to simply as "Lewis") from the judgment of the trial court dismissing said appellant's third party demand against third party defendants, Republic Supply Company and Colorado Fuel & Iron Corporation (sometimes hereinafter referred to simply as "Republic" and "Colorado", respectively, said latter named third party defendant being substituted in place and stead of initially designated third party defendant, John B. Roebling & Sons), upon a plea of prescription by the hereinabove first named defendant and a plea of prescription and exception of no cause of action by said latter named third party defendant.
The facts and circumstances giving rise to this litigation are not in dispute and, insofar as they are pertinent to the issues presented for resolution appear, by the pleadings and evidence adduced on the trial of third party defendants' pleas of prescription, to be as follows:
On or about May 2, 1961, Barnwell Offshore, Inc. filed suit against Lewis seeking judgment in compensation for damages to a drilling rig (known as a drilling mast) allegedly damaged by Lewis, a common carrier, who had contracted to transport plaintiff's said equipment. Plaintiff in the main demand charged the damage to its apparatus occurred when a cable furnished by Lewis broke or parted as the equipment was being unloaded from the truck upon which it was being carried, causing the rig to be thrown to the ground occasioning damages thereto necessitating repairs in the sum of $23,049.83, for which amount plaintiff prayed for judgment in its favor.
Third party plaintiff, Lewis, purchased the cable from third party defendant, Republic, on September 12, 1960, and the accident occurred the following day, September 13, 1960.
Upon trial of the pleas of prescription filed on behalf of appellees, Republic and Colorado, it was established that appellant, Lewis, became aware of the defective nature of the cable not later than September 14, 1960, inasmuch as on either the day of the accident or the day following Lewis advised Republic the cable was defective and requested its replacement.
As previously stated, the main demand of the original plaintiff, Barnwell Offshore, Inc., was filed against defendant, Lewis, on May 2, 1960. The third party petition of defendant, Lewis, was filed September 28, 1961.
Barnwell Offshore, Inc., plaintiff in the main demand, predicated its claim against defendant, Lewis, on the allegation the damage to said plaintiff's property resulted from the active breach of Lewis' obligation as a common carrier in failing to deliver plaintiff's property in the same condition as received and in performing the contract of carriage in a negligent manner. In the alternative, plaintiff in the main demand contends if defendant Lewis was not guilty of a breach of contract, then and in that event, said defendant was negligent in unloading the rig and in furnishing for the undertaking a cable which was neither defective or inadequate for the occasion. In the further alternative, plaintiff in the main demand invokes the doctrine of res ipsa loquitur.
To the principal demand of plaintiff, Barnwell Offshore, Inc., defendant, Lewis, filed an answer coupling therewith his third party petition naming as defendants therein *202 Republic and Colorado against whom third party petitioner prayed for judgment in whatever amount he might be cast to plaintiff in the principal demand. Lewis' third party petition in substance alleges the cable which broke was purchased from defendant Republic the day preceding the accident. It is further alleged the cable was warranted to withstand a certain weight and pressure but parted or broke while being subjected to a lesser pressure and weight. Next it is alleged the cable was warranted by both third party defendants, namely, Republic which sold the cable to third party plaintiff and Colorado which manufactured the cable. Finally, it is contended both Republic and Colorado breached their respective warranties subjecting them to liability to third party petitioner.
The exception of no cause of action interposed on behalf of defendant Colorado is predicated on the ground appellant having sued his immediate vendor, Republic, has no cause of action against Colorado as the manufacturer of the cable and vendor of appellant's vendor. The pleas of prescription filed on behalf of appellees, Republic and Colorado, are founded on the proposition the third party claim asserted herein is in essence an action in redhibition governed by the provisions of LSA-C.C. Articles 2534, 2545 and 2546, wherein the prescriptive period for the institution of actions to annul a sale because of alleged redhibitory vices or defects is fixed at one year.
Predicated upon the ruling in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539; Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269; and Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580, appellant maintains the trial court erred in sustaining appellees' pleas of one year prescription because the third party demand asserted herein is in effect an action for indemnity consequently prescription does not run on such a demand until at least one year from the date liability of the party seeking indemnity is fixed. Based on this premise appellant maintains its third party demand has not prescribed notwithstanding more than one year elapsed between the date of the accident giving rise to the institution of the main demand herein and the date of the filing of appellant's third party complaint because prescription does not commence to run on appellant's third party demand until appellant's liability is fixed by judgment rendered in favor of plaintiff, Barnwell, on the principal demand. In substance, appellant also argues the result advocated is necessary to protect the rights of an initial defendant having a valid third party claim against a party not joined by the original plaintiff for the reason the jurisprudence is established to the effect a defendant having a claim against a third party may not file suit therein until his liability as an initial defendant is fixed under penalty of dismissal of such third party demand on the ground of prematurity, counsel's authority for this latter position being Reserve Insurance Company v. Fabre, La. App., 140 So.2d 438.
In considering the authorities cited and relied upon by esteemed counsel for appellant we note Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, was an action wherein the plaintiff sued to recover of defendant the amount for which plaintiff was cast in judgment in a tort action brought by defendant's employee against plaintiff alone seeking compensation for injuries received when a warehouse door fell upon him two days following transfer of the warehouse to defendant by plaintiff and while the premises were still in possession and control of defendant. Plaintiff's suit instituted more than one year following the accident, alleged defendant was a co-tort feasor. In overruling defendant's plea of one year prescription, the Supreme Court held in substance the obligation of defendant to the injured employee was in tort but this did not necessarily mean its obligation to plaintiff was the same or that prescription governing plaintiff's claim was the same as *203 that applicable to the claim of the injured employee. The court further held defendant's liability to the employee to be ex delicto while the duty owed plaintiff was for reimbursement of money paid by plaintiff on defendant's behalf.
The court further held plaintiff's claim was for contribution and therefore was not prescribed as it did not arise till plaintiff paid the judgment against it as a consequence of defendant's alleged negligent act. In addition the court concluded the facts of the case placed it within the exception to the contribution rule which holds that one tort feasor may not seek indemnity from a co-tort feasor on the ground that no one can allege his own turpitude or claim an advantage for a wrong. The court then concluded the case fell into the exception noted because, under the circumstances shown, Appalachian was was only technically or constructively at fault whereas the alleged negligence of defendant was the primary cause of the injuries received by defendant's employee.
In Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, plaintiff, a compensation insurer, sued defendant to recover the sum of compensation benefits paid an employee of plaintiff's insured injured in an automobile accident allegedly caused by defendant's negligence. The accident occurred July 15, 1954 and suit was filed November 15, 1955. Defendant filed a plea of one year prescription which was sustained by the trial court. On Appeal, the Court of Appeal, Orleans (now the Fourth Circuit), reversed the judgment of the lower court and remanded the case for trial. The Supreme Court granted certiorari and in reversing the decision of the appellate court held that to determine the applicable rule of prescription, the nature of the claim sought to be enforced must be ascertained. In essence, the court found plaintiff was seeking enforcement of a right granted directly by statute, namely, LSA-R.S. 23:1101, 1102 and 1103, and also found the question to be resolved was whether the statute conferred upon the employer a separate and independent cause of action, as distinguished from a right of action, against the third party tort feasor or whether there existed but one cause of action, ex delicto, which the compensation paying employer or the injured employee is accorded the right to assert, separately or jointly. The court therein concluded the statute conferred but one cause of action for a single tort and in effect further concluded, inasmuch as there existed but a single cause of action, the one year prescriptive rule applicable in tort cases ran against either party, employee or employer, seeking enforcement of the claim. In rejecting the employer's contention the question presented was controlled by the ruling in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, and Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913, the court stated the Appalachian case was distinguishable on the ground said authority did not involve a claim for compensation but a claim for restitution under an implied or quasi contract because plaintiff therein was only secondarily liable for the tort of defendant and was suing for the recovery of money which should have been paid by defendant as the tort-feasor primarily liable. In considering the case of Foster Glassell Co. v. Knight Bros., supra, the Supreme Court held the decision therein to be incorrect and concluded the error of the appellate court consisted in that tribunal's characterization of the right of action conferred by the compensation law to be one of indemnification whereas, in fact, it is a right of subrogation only.
Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580, was a suit involving a claim for lost or misplaced freight. In February, 1957, plaintiff, Levy, delivered a freight car of scrap steel to defendant railroad to be unloaded on a vessel then in the port of New Orleans. A portion of the cargo was loaded on the designated freighter which, being nearly full, could not receive the entire carload. Defendant notified plaintiff *204 of the circumstances and received instructions to hold the remainder of the shipment pending further orders from plaintiff as another vessel was to be loaded shortly and the remaining scrap would be loaded on the second vessel. Later when plaintiff inquired about the remaining scrap, defendant advised that the car, through error, had been loaded by Cooper Stevedoring Company on the steamship "George L." for the account of Southern Scrap Material Co., Ltd. On February 18, 1959, plaintiff sued defendant for the value of the lost steel and defendant in turn filed an answer setting forth a general denial and a third party demand against Southern Scrap Material Co., Ltd. In bar of defendant's third party demand, Southern Scrap Material Co. filed pleas of prescription of one and two years pursuant to Articles 3536 and 3537 LSA-C.C. (which provide for one year prescription of actions sounding in tort) and LSA-R.S. 45:1100 (which provides actions for loss or damage to freight shipments prescribe in two years).
The trial court sustained defendant's pleas of prescription which judgment, on appeal to the Court of Appeals, New Orleans, was affirmed. The Supreme Court reversed the Court of Appeal concluding the action had not prescribed. In so ruling, the Supreme Court accepted the argument of counsel for third party defendant that the facts of the case permitted the third party plaintiff to elect to sue third party defendants in either tort or quasi contract and reasoned the issue submitted was whether third party plaintiff had in fact elected to sue in tort or quasi contract which issue the court held must be decided in the light of the pleadings. After carefully reviewing the allegations of the third party petitioner, the court found the action was not in quasi contract or indemnity and therefore governed by the provisions of LSA-C.C. art. 3544 to the effect that personal actions in general prescribe in ten years excepting only those for which other prescriptive periods are enumerated. Finding the claim asserted was a personal action for indemnification, the court concluded it was unimportant whether the indemnification was based on tort or contract.
We believe a fair analysis of the foregoing jurisprudence establishes that in cases of this character the nature of plaintiff's demand governs the applicable rule of prescription and that the character of the demand is to be determined by the allegations of the third party petition. Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580.
Before expressing our conclusion as to the nature of the demand asserted by the third party petition filed herein, we deem it advisable to set forth in full the allegations upon which said demand is predicated. The third party demand in its entirety is set forth in Articles 13 through 18 of the answer and third party petition of defendant Lewis which said Articles read in full as follows:
"13.
"And now your defendant names two third party defendants, to-wit: Republic Supply Company and John E. Roebling and Sons's, (sic) under the provisions of L.C.C.P. Article #___, et al., and shows:
"That on or about September 12, 1960, your defendant purchased from Republic Supply Company, a foreign corporation, but qualified to do business in this state, with C. T. Corporation, 420 Hibernia Bank Building, New Orleans, Louisiana, as it's (sic) authorized agent for service of process, a wire rope or cable which he immediately attached to the truck which was used to move the rig. That this wire rope or cable was defective.
"15.
"That the wire rope was manufactured by John E. Roebling and Son's Corporation, Houston, Texas, who is not qualified to do business in this *205 state, but is actually doing business, and asks for service of process according to law.
"16.
"That the manufacturer of the said wire rope warrented (sic) the said wire rope or cable and that the said Republic sold the said rope warrenting (sic) the same to be of a certain quality.
"17.
"That there was a breech (sic) of these warrenties (sic) by both third party defendants, in respective capacities, and if your defendant is cast in judgment then he should have judgment in his favor against both defendant's (sic) in a sum equal to the amount of judgment in the favor of the plaintiff.
"18.
"That both of the third party defendant's (sic) had this wire rope analyzed, on information and belief, and there was a defect in the wire, which caused the said wire rope to break or part. Further the said wire rope or cable was supposed to withstand a pull or pressure of ___ pounds, and the total weight on the cable at the time of the said accident was ___ pounds."
Our careful analysis of appellant's third party petition impels the conclusion the right asserted is that of recovery under the specific provisions of Articles 2534, 2545 and 2546, LSA-C.C. and is therefore barred by the prescription of one year provided in said articles which state:
 "Art. 2534. Prescription of redhibitory
 action; exception
 and suspension
"Art. 2534. The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
"Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence."
 "Art. 2545. Liability of seller for concealment
 of vice
"Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."
 "Art. 2546. Prescription of redhibitory
 action when seller
 in bad faith
Art. 2546. In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
"This discovery is not to be presumed; it must be proved by the seller."
Under the foregoing codal provisions the action of redhibition must be instituted within one year of the date of sale but the limitation prescribed does not apply where the seller has knowledge of the vice and fails to disclose it to the purchaser, LSA-C.C. 2534, in which latter event the prescription provided in LSA-C.C. Article 2534 does not commence until discovery of the defect by the purchaser. LSA-C.C. Article 2546.
In substance the third party petition of appellant merely alleged petitioner purchased a cable from third party defendant, Republic, on the day preceding the accident in question, said cable being warranted by petitioner's vendor to be of a certain quality and capable of withstanding an unspecified number of pounds pressure but, *206 in fact, the cable was defective and incapable of enduring pressure to the degree warranted. Although the nature of the defect is not stated, third party plaintiff contends the defect caused the cable to part or break. It is significant that no negligence is attributed to third party defendants in either the manufacture of the cable or in any other respect whatsoever. Of additional significance is the fact that neither defendant is charged with knowledge of the alleged defect at the time of sale to third party plaintiff. We also note the absence of an allegation to the effect the vice complained of caused the damage which is the subject matter of the main demand. In the absence of allegations charging third party defendants with negligence, it may not be assumed the right asserted in the third party demand is an action by a tort feasor secondarily liable against a co-tort feasor primarily obligated to the injured party as was found in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, or that, having an elective remedy in either tort or quasi contract, third party petitioner has chosen to sue upon the contractual obligation as was the case in Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269. As we view and understand the allegations of the third party petition before us, it asserts no more than the right of redhibition authorized by Articles 2534, 2545 and 2546, LSA-C.C.
The sole basis of alleged liability on the part of third party defendants is the reputed breach of warranty incident to the sale of a movable claimed by the purchaser to have contained vices or defects at the time of sale. In essence, the demand of third party petitioner is one for damages allegedly sustained as the result of a breach of a seller's implied warranty as well as an express warranty given by the vendor at the time of purchase.
We deem the third party demand, therefore, to be expressly founded upon the provisions of Articles 2534, 2545 and 2546, and therefore prescribed.
In the case at bar it appears third party petitioner became aware of the alleged defect not later than September 14, 1960, and the third party demand was not filed until September 28, 1961, notwithstanding the main demand of plaintiff, Barnwell Offshore, Inc., was commenced against third party plaintiff on May 2, 1961.
Counsel for third party plaintiff maintains that to sanction defendants' pleas of prescription is to place all defendants having a possible third party demand in an unconscionable position under certain circumstances. More precisely it is contended that if plaintiff in the main demand waits until the last prescriptive day upon which to institute action, defendant is thereby deprived of his rights against a party who is or may be liable with him for all or part of the main demand. In this connection, counsel for appellant maintains in the case at bar third party petitioner had no right or cause of action against third party defendants until such time as the liability of third party plaintiff to plaintiff in the main demand was fixed. As authority for such position, counsel relies upon Reserve Insurance Company v. Fabre, 140 So.2d 438.
The Fabre case, supra, relied upon by counsel is inapposite. Our careful consideration of the Fabre case reveals plaintiff therein, an insurer, was suing on a subrogated claim to recover damages paid its insured under a collision policy covering the insured vehicle. Since the right of plaintiff's insurer was derived solely by subrogation from its insured, clearly said plaintiff had no right or cause of action until it paid the claim. This does not mean, however, the act of subrogation has the legal effect of creating more than one cause of action in tort against the tort feasor. The insurer could have paid the claim during the year, taken subrogation and instituted suit.
The same result was reached in Marquette Casualty Co. v. Brown, supra, in which the insurer sought reimbursement of *207 compensation payments made to the employee of its insured.
While the result suggested by esteemed counsel for appellant may conceivably occur in some instances, it does not follow such result would obtain in every case. For example, if one joint tort feasor is sued within the year (even on the last day) he may still demand contribution from his co-tort feasor by third party demand filed more than one year following the accident giving rise to the main demand. LSA-C.C. Article 2097; LSA-C.C.P. arts. 1111-1116, inclusive; Article 2103, LSA-C.C. as amended by Act 30 of 1960; Vidrine v. Simoneaux, La.App., 145 So.2d 400. If the right of the third party plaintiff against a party not made defendant in the main demand is contractual or quasi contractual and not otherwise governed by specific or statutory authority, the right to enforce same is prescribed only in 10 years. LSA-C.C. art. 3544.
In the case at bar the right of third party plaintiff to rescind the sale and recover the purchase price and alleged damages resulting from defects in the thing sold arose on or before September 14, 1960. Appellant therefore could have instituted action against appellees for restitution of the purchase price or such damages as were occasioned by the defects in the thing sold on or before September 13, 1961. Moreover, appellant herein was notified of the main demand of plaintiff more than four months prior to expiration of the applicable prescriptive period considering the principal demand herein was instituted May 2, 1961. Notwithstanding notice of the main demand more than four months prior to expiration of the applicable prescriptive period appellant took no action to institute his third party demand against Republic and Colorado until after prescription had run.
Conceding, as pointed out by counsel for appellant, the rule may work a hardship upon some litigants under the circumstances alluded to by learned counsel for appellant, the third party plaintiff presently before us has not been so adversely affected. Any inequitable or unconscionable result which may arise from the rule is, in our opinion, a matter which addresses itself to the Legislature considering the laws of prescription as they presently exist squarely cover the claim herein presented by third party plaintiff.
The reasons hereinabove set forth eliminate the necessity of considering the exception of no cause of action filed on behalf of third party defendant, Colorado.
Judgment affirmed.