SUMMERS, Justice.
 

 
 *863
 
 During February 1957 (the exact date not being shown by the pleadings) Edward Levy Metals, Inc,, loaded a freight car with scrap steel. The car was turned over to New Orleans Public Belt Railroad with instructions that it be transported to New Orleans Cotton Warehouse to be unloaded there onto a vessel then in the port of New Orleans.
 

 A portion of the scrap steel was unloaded onto the designated vessel that was almost full and unable to receive the entire car. Thereupon the railroad notified the shipper of these facts and received instructions to weigh the car containing the balance of the steel and hold it for further instructions, as another vessel was to be loaded in a short time and the remaining steel was to be loaded onto this second vessel.
 

 Later when the shipper sought information concerning the whereabouts of the car containing the scrap steel, it was advised by the railroad that the car had not been weighed but had been placed at the Galvez Street Wharf on March 1, 1957, where, through error, it was unloaded by Cooper Stevedoring Company onto the steamship “George L” for the account of Southern Scrap Material Company, Ltd. On March 31, 1957, the car was removed from the wharf and it was empty. A representative of Edward- Levy Metals, Inc., then telephoned an employee of Southern Scrap Material Company, Ltd., who was informed that the scrap steel- had been delivered to its account. This employee denied that the scrap steel had been received.
 

 Thereafter on February 18, 1959, the shipper, Edward Levy Metals, Inc., instituted suit against the railroad claiming $2,-030.32 for the value of the lost steel, alleging that the loss it sustained resulted from the violation of its contract of carriage by the railroad. The railroad answered asserting a general denial and then filed a third party complaint against Southern Scrap Material Company, Ltd., under the provisions of Louisiana Third Party Practice Act, R.S. 13:3381.
 

 This third party complaint set forth in part the facts that had been alleged against it by the plaintiff, Edward Levy Metals, Inc. It then alleged that on March 1, 1957, it placed the car of scrap steel at the Galvez Street Wharf and on March 31, 1957, when the car was removed, it was empty. The third party petition then continued to allege that on information and belief the scrap steel from the car was unloaded by Cooper Stevedoring Company, for the account of Southern Scrap Material Company, Ltd., onto the steamship “George
 
 L.,r
 
 As heretofore set forth the third party petition then prayed for dismissal of the principal demand and, alternatively, for judgment against Southern Scrap Material Company, Ltd., for any amount which it may be cast to pay to the original plaintiff.
 

 In bar of the third party petition, Southern Scrap Material Company, Ltd., filed
 
 *865
 
 pleas of prescription of one and two years. The former being based upon the contention that the claim asserted against it sounded in tort and was prescribed in one year according to Articles 3536 and 3537 of the LSA-Civil Code; the latter plea of two years prescription being based upon LSA-R.S. 45 :1100 providing that actions for loss or damage to shipments of freight prescribe in two years. Both pleas of prescription were maintained by the trial court. The Court of Appeal, without passing on the plea of prescription of two years, affirmed the judgment of the trial court maintaining the plea of prescription of one year. We granted certiorari to review this judgment.
 

 The sole issue to be determined is whether the third party action of New Orleans Public Railroad is prescribed. We have decided that the action is not prescribed.
 

 Counsel for Southern Scrap Material Company, Ltd., in support of its plea of prescription argues that the facts of the case permit the third party plaintiff to file suit either in quasi contract or in tort; that the pleadings demonstrate an election by third party plaintiff to sue in tort and, therefore, its action is prescribed in one year.
 

 The theory of the argument is that the scrap steel in question was loaded on board ship for the account of Southern Scrap Material Company, Ltd. The effect of this was to unjustly enrich Southern Scrap Material Company, Ltd., at the expense of New Orleans Public Belt Railroad which is charged by its contract of affreightment with the responsibility for the safekeeping and proper delivery of the scrap steel according to the instructions of the shipper. The violation of its contract with the shipper that occurs by permitting the erroneous delivery to Southern Scrap Material Company, Ltd., impoverishes the railroad and enriches Southern Scrap Material Company, Ltd. Thus, we understand the argument to be that Southern Scrap Material Company, Ltd., under Articles 2292, 2293, 2294 and 2301 of the LSA-Civil Code, having received what was not due it through error, is obliged to restore it to the owner, Edward Levy Metals, Inc., or to New Orleans Public Belt Railroad from which it had unduly received it; and this obligation is a quasi contractual one that is enforceable by New Orleans Public Belt Railroad against Southern Scrap Material Company, Ltd. Such an obligation gives rise to a personal action and is prescribed in ten years under Article 3544 of the LSA-Civil Code.
 

 With respect to the tort remedy available to the railroad, the rationale of the argument is understood to be that upon being informed of the delivery of the scrap steel to its account the refusal of Southern Scrap Material Company, Ltd., to concede that the property had thus erroneously come into its possession constituted in essence a
 
 *867
 
 wrongful detention and a refusal to deliver possession thereof to the party entitled thereto. Thus a conversion took place—a quasi offense 'under Article 2315 of the LSA-Civil Code. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957); Prosser, Law of Torts, (1955 ed.) § 5(c). lienee, the argument is that such an offense is considered ex delicto and an action thereon is prescribed in one year under Article 3536 of the LSA-Civil Code.
 

 ' According to this theory it would appear that the railroad has two remedies that it may assert against Southern Scrap Material Co., Ltd.,—one sounding in quasi contract and the other sounding in tort. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957); Lafleur v. Brown, 223 La. 976, 67 So.2d 556 (1953); Kramer v. Freeman, 198 La. 244, 3 So.2d 609 (1941); American Heating and Plumbing Company v. West End Country Club, 171 La. 482, 131 So. 466 (1930). So it is argued whether the prescription of one year or ten years is applicable depends upon which of these two actions the railroad has elected-to pursue and this can only be determined, under well-recognized authority, by an analysis of the pleadings and the character of the relief prayed for. Importsales, Inc. v. Lindeman, supra; Kramer v. Freeman, supra; Iberville Land Company v. Amerada, 5 Cir., 141 F.2d 384 (1944). -Under this theory if the railroad has elected to pursue an, action in quasi contract its action is prescribed in ten years and the plea .Of prescription must fail; whereas, if the action the railroad has in fact elected to pursue is one sounding in tort that action -is prescribed in one year and the. plea was properly maintained.
 

 The character of the pleadings of the third party plaintiff is of paramount importance in determining what prescriptive period is to be applied to the third party action. Our inquiry need go no further, therefore, than to determine whether or not the pleas of prescription filed herein are applicable, that is, the prescription of one year for tort under LSA-Civil Code Article 3536, or two years under LSA-R.S. 45:1100. We need not otherwise consider the merits of the action sought to be invoked.
 

 It is well settled under concepts of conversion forming the basis for any tort action herein, that it is not the erroneous accumulation of the property by the wrongdoer which gives rise to delictual responsibility, but the wrongful deprivation of a person of property to the possession of which he is entitled once the possessor has knowledge that the
 
 property is
 
 under his control. Prosser, Law of Torts, (1955-ed.) § IS (c).
 

 The third party plaintiff’s petition herein does not satisfy the requirement that Southern Scrap Material Company, Ltd., is wrongfully depriving the third party plaip
 
 *869
 
 tiff of property to the possession of which it, third party plaintiff, is entitled. This is so because there is no allegation in third party plaintiff’s petition indicating whether Southern Scrap Material Company, Ltd., had any knowledge of the fact that this scrap steel had been delivered to its account, or knowing this, that it refused to return same to third party plaintiff. It is true the petition of the principal plaintiff sets forth that it informed employees of Southern Scrap Material Company, Ltd., of the fact that the scrap steel had been delivered to its account, but we do not understand that these allegations form a part of the third party plaintiff’s petition against Southern Scrap Material Company, Ltd.
 

 Although the third party plaintiff has adopted some aspects of the principal plaintiff’s pleadings, it has adopted only those aspects having to do with the amount claimed that are unequivocally incorporated in the third party petition by reference. Undoubtedly a third party plaintiff is entitled to pursue the remedy to which he feels he is entitled, independent of the allegations of the petition of the principal plaintiff under the facts of this case. He should not be held to have adopted the allegations of the petition of the principal plaintiff unless it clearly appears from the language of the third party plaintiff’s petition that he seeks thereby to incorporate into his petition the allegations of the principal plaintiff’s petition.
 

 These conclusions result in our finding the third party plaintiff has not sought recovery against Southern Scrap Material Company, Ltd., in tort. Rather, we think the claim is one in indemnity, which is quasi contractual and governed by the prescription of Article 3544 of the LSA-Civil Code. The obligation that the third party plaintiff is seeking to enforce here is one for unjust enrichment to be enforced in the future in that third party plaintiff is to be indemnified in the event he is compelled to pay the principal plaintiff on account of the scrap steel being in the possession of third party defendant.
 

 The allegations of the third party petition sounding only in quasi contract we need not determine their sufficiency otherwise—only that they do not sound in tort and are therefore not prescribed in one year.
 

 That this is an action in indemnity is supported by the case of Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922), in which the owner of a building was cast in judgment by a watchman who had been injured due to a defect in the building. More than a- year after the accident had occurred, but within a year of the finality of the judgment against it, Appalachian filed suit against the party from whom it had purchased the property, alleging that as a recent purchaser it had no opportunity to determine the defects, whereas the defendant who was in posses
 
 *871
 
 sion knew, or should have known, of the defects. Furthermore, Appalachian alleged that the proximate cause of the injury to the watchman was the negligence of the employee of Brooklyn. Brooklyn pleaded the prescription of one year. The court held that Appalachian’s liability to the watchman was predicated on its duty to furnish him a safe place of work; and since Appalachian was prevented from fulfilling this duty due to the negligence on the part of the defendant, Appalachian could seek indemnity against the defendant. This court stated:
 

 “ * * * and where, as in this case, the actual fault of the proximate cause of injury is attributable to one of-the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, the general rule will not apply, and indemnity may be had against the one primarily responsible for the act which caused the damage. * * * ” At page 46, 91 So. at page 541.
 

 After reaching the conclusion that the Appalachian case was one of indemnity the court dismissed the plea of prescription of one year by saying:
 

 “ * * * It is true that the suit of the injured party grew out of a tort; and, while the present suit is a sequence of the former suit, it does not necessarily follow that the two causes of action are the same, and are to be governed by the same law of prescription.
 
 The obligation of the defendant to Lincoln
 
 (the injured party),
 
 was that of a
 
 tort-feasor,
 
 ivhereas its obligation to the plaintiff is for reimbursement of money paid for or on its
 
 behalf,
 
 which under the law the defendant was liable for and should have paid.”
 

 In Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958), we analyzed the Appalachian decision and found that the action there was for indemnification. We think the same is true of this case for the railroad’s responsibility here to its shipper arises out of the fact that Southern Scrap Material Company, Ltd., has the scrap steel in its possession. Inasmuch as this action is one for indemnity, it is unimportant whether that indemnification is based upon tort or a quasi contractual theory of unjust enrichment since prescription does not commence to run against a party seeking indemnification until it has been cast, and here the third party plaintiff has not yet been cast in judgment.
 

 It is appropriate to note that the Appalachian case was decided prior to the adoption of the Third Party Practice Act, LSA-R.S. 13:3381, and suit was filed after judgment had been rendered against Ap
 
 *873
 
 palachian. Whereas, here the railroad under LSA-R.S. 13:3381 is asserting its claim for indemnity before it has been cast incidental to an action seeking judgment .against it. See, also, Plummer v. Motors Insurance Corp., 233 La. 340, 96 So.2d 605 (1957).
 

 Nor is the plea of prescription referred to in LSA-R.S. 45:1100 applicable here. This prescription applies only as be-tween the carrier and the shipper under the facts of this case. Such a result is required from the language of the Revised Statutes, viz.: “All actions by or against common carriers for the collection or recovery ■of erroneous freight charges, and all actions for loss of or damage to shipments of freight, shall be prescribed by the lapse of two years, from the date of shipment.” .'LSA-R.S. 45:1100.
 

 This prescription may be invoked by the ■carrier or shipper against claims asserted against it and is not available to parties occupying the position of third party defend.ant here who are not privy to the contract ■of affreightment.
 

 Because of the views we have expressed 'the pleas of prescription of one and two years filed herein by Southern Scrap Material Company, Ltd., third party defendant, .are overruled and this case is remanded to -the trial court for further proceedings according to law and in conformity with the views herein expressed.