MILLER, Judge.
The trial court sustained defendant’s exception of prescription finding that plaintiff insurer’s subrogation claim had prescribed when it was filed more than one year after an explosion which caused the loss. We affirm.
On July 8, 1967, an explosion occurred at the Lake Charles plant operated by Cities Service. Mr. and Mrs. Thomas Richard owned a home which was insured by State Farm. Shortly after the explosion, the Richards filed a claim against State Farm contending that they sustained a loss as a result of the explosion. This claim was promptly denied, it being State Farm’s position that the explosion had nothing to do with the Richard’s claim.
On February 8, 1968, the Richards filed suit against State Farm, and on February 26, 1968 State Farm filed answer denying liability. There was no third party action filed against Cities Service. The trial court ruled that plaintiff’s loss resulted from the explosion and awarded $2,301.82. This amount was paid by State Farm on January 10, 1969.
On October 22, 1969, State Farm filed this suit against Cities Service to recover the $2,301.82 it was required to pay due to damages which resulted from the explosion at defendant’s plant.
Plaintiff submits that this suit is based on indemnity and/or unjust enrichment, and that it has not prescribed since it was filed within one year from the date that State Farm was cast in judgment. Among the several cases cited, plaintiff primarily relies on Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539 (1922); Edward Levy Metals, Inc. v. New Orleans Public Belt Railway, 243 La. 860, 148 So.2d 580 (1963); and Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
The real thrust of appellant’s action is under the general quasi contractual concept of unjust enrichment or the “actio in rem verso” referred to by the Supreme Court in the Minyard case, supra. There, the landowner had entered into a construction contract with a general contractor for the construction of a housing project. The general contractor entered into a subcontract with Minyard whereby the latter became bound for the application of caulking materials under the general contract. Min-yard endorsed the properties of a caulking compound manufactured by the predecessor of Curtis Products, Inc. and guaranteed that it would comply with the architect’s specifications. Subsequently, the general contractor was required to tear out all the caulking compound applied by Minyard because it shrunk and pulled away from the walls and other surfaces. Tests revealed that the compound did not have the properties which the manufacturer certified it *203 had and which had been endorsed and guaranteed by Minyard. The owner instituted a suit against the general contractor who third partied Minyard. Judgment was rendered in favor of the owner and against the general contractor for the costs of correcting the caulking work, but judgment was given in favor of the general contractor for this amount over against Minyard, as the caulking subcontractor. More than ten years after the discovery of the faulty caulking compound, but within ten years of the entry of the judgment, Minyard instituted suit against Curtis Products, Inc., the successory of the manufacturer, for indemnification. The Supreme Court set aside judgments maintaining the pleas of prescription filed by Curtis, holding that the action was one for unjust enrichment and that the prescriptive period would be reckoned from the day the general contractor obtained judgment over against Minyard.
In so holding the Supreme Court found that Minyard was only vicariously or technically liable for the damages as the endorser or guarantor of the product, and that the manufacturer was the real party at fault.
We distinguish the Minyard case. Here State Farm’s liability to their insured was not vicarious or technical. It was contractual under the policy of insurance issued to their insured.
The Supreme Court discussed five prerequisites to a successful suit by action de rem verso:
“1. there must be an enrichment,
2. there must be an impoverishment,
3. there must be a connection between the enrichment and resulting impoverishment,
4. there must be an absence of ‘justification’ or ‘cause’ for the enrichment and impoverishment, and finally,
5. the action will only be allowed when there is no other remedy at law, i. e., the action is subsidiary or corrective in nature.”
Appellant cannot satisfy the last two requirements. State Farm was paid and contracted to assume the risk of loss from explosion. More importantly, appellant could have maintained an action at law against appellee by third party action filed in the original suit by Richard versus State Farm. LSA-C.C.P. Art. 1111.
On both counts, appellant’s suit fails to meet the prerequisites of an “action de rem verso”. It has only the status of a conventional subrogation and the cause of action to which it was subrogated prescribed one year after the explosion. To hold otherwise would expose the alleged tortfeasor to liability to a subrogated insurance company for ten years even though he can be held liable to the party actually injured for only one year. The jurisprudence does not support this result.
The trial court’s judgment is affirmed. Costs of this appeal are assessed to plaintiff appellant.
Affirmed.