SAVOY, Judge.
This case is on appeal from a judgment of the district court maintaining a plea of prescription filed by appellee, Sherwood Homes, Inc., to plaintiff’s petition and to a third party demand filed against it by Big Jim’s, Inc., defendant in the main demand.
The facts are rather simple. We are dealing here with a question of law.
Sherwood Homes, Inc. manufactured the mobile home involved herein and delivered same to its dealer, Big Jim’s, Inc., on February 17, 1969. On March 1, 1969, Big Jim’s sold the home to plaintiff. Leaks appeared in various parts of the mobile home on March 18, 1969, and they were reported to Big Jim’s the following day. Big Jim’s reported the matter to Sherwood and attempts were made to rectify the defects by Big Jim’s and Sherwood. On February 27, 1970, plaintiff, not being satisfied with the repair work on the mobile unit, instituted a redhibitory action against Big Jim’s and Sherwood. Sherwood filed an exception of no cause of action of the main demand, and the suit was dismissed as to it. On April 14, 1970, Big Jim’s filed a third party against Sherwood for indemnification should judgment be rendered against it on the main demand. Sherwood filed a plea of prescription of one year under LSA-C.C. Article 3536, and LSA-C.C. Article 2520, et seq. dealing with redhibition. This plea was maintained and the third party demand was dismissed. From this judgment Big Jim’s appealed.
The district judge treated the third party demand filed by Big Jim’s as an action in redhibition and found that action had prescribed under LSA-C.C. Article 2534 and LSA-C.C. Article 2536. As its authority for this ruling the court cited Lewis v. Republic Supply Co., 155 So.2d 200 (La.App. 1 Cir. 1963).
In Lewis, supra, the Court of Appeal stated that in cases of this character the nature of plaintiff’s demand governs the applicable rule of prescription, and that the character of the demand is to be determined by the allegations of the third party petition, citing as authority for this proposition Edward Levy Metals, Inc. v. New Orleans Public Belt R., 243 La. 860, 148 So.2d 580. In examining the third party petition in Lewis, supra, the court found, in substance, that it alleged petitioner purchased a cable from a third party defendant, Republic, on the date preceding the action in question; that said cable was warranted by petitioner’s vendor to be of certain quality and capable of withstanding an unspecified number of pounds pressure, but, in fact, the cable was defective. The third party petition did not attribute negligence on the part of the manufacturer. Neither defendant was charged with knowledge of the alleged defect at the time of the sale to the third party plaintiff. There was also no allegation that the vice complained of caused the damage which was the subject matter of the complaint. The court concluded that the third party petition was no more than the right of redhibition authorized by LSA-C.C. Articles 2534, 2535 and 2536, and maintained the plea of prescription and dismissed the third party demand.
In the instant case, in its third party petition, appellant alleged the following:
“AND NOW ASSUMING the role of third party plaintiff comes Big Jim’s, Inc., one of the defendants in the principal demand, who, asserting a third party petition against Sherwood Homes, Inc., also a defendant in the principal demand, avers:
“10. That the aforementioned 1969 Sherwood Mobile Home bearing Serial No. *183 2690347FLR2 was manufactured by third party defendant, Sherwood Homes, Inc.
“11. That the aforementioned 1969 Sherwood Mobile Home was delivered by the third party defendant herein to third party petitioner’s place of business in the Parish of Lafayette, State of Louisiana.
“12. That plaintiff in the principal demand, Charles L. LeBlanc, purchased from petitioner, Big Jim’s, Inc., the aforementioned 1969 Sherwood Mobile Home, manufactured by third party defendant, Sherwood Homes, Inc.
“13. On February 27, 1970, Charles L. LeBlanc, the purchaser of the aforementioned mobile home, brought suit in red-hibition against your third party petitioner, in the suit entitled Charles L. LeBlanc v. Big Jim’s, Inc., et al, No. 46074 in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, said suit alleging damages to the aforementioned mobile home due to improper and defective manufacture of said mobile home.
“14. Third party plaintiff, as defendant in the principal demand, has denied that it is liable to plaintiff in any manner. However, in the alternative, if it should be held that third party plaintiff, as defendant in the principal demand, is liable in any fashion as alleged in plaintiff’s petition, then third party plaintiff, Big Jim’s, Inc. is entitled to full indemnity from the said third party defendant, Sherwood Homes, Inc., in that the alleged damage to the aforementioned mobile home resulted solely and only from the negligence of third party defendant, Sherwood Homes, Inc. in the following respects:
“1. In manufacturing and/or designing said mobile home with a defective roof, and/or defective walls and doors.
“2. In manufacturing said mobile home that was inherently defective.
“3. In failing to warn petitioner, Big Jim’s Inc., of the aforementioned defective condition of said mobile home.
“4. Generally, in manufacturing and placing on the market for sale a defective mobile home without due regard for the liability of the retailers of said mobile home, including petitioner herein.
“IS. Alternatively, third party petitioner, Big Jim’s, Inc., is entitled to full indemnity from the said third party defendant, Sherwood Homes Inc., on the basis of express warranty and/or implied warranty against the defective manufacture of the aforementioned mobile home and the sale and delivery of said defectively and improperly manufactured mobile home to third party petitioner to be sold to its customers when third party defendant knew or should have known of such defective or improper manufacture.’’
Counsel for appellant, in brief and oral argument, takes the position that the third party demand is not one in redhibition but rather one in indemnity and is governed by the ten year prescriptive period as set forth in LSA-C.C. Article 3544 rather than one year prescription under actions in redhibition. As authority for his case, counsel cites Edward Levy Metals, Inc., supra.
In the- instant case the appellant is seeking indemnity from Sherwood Homes, Inc. It is not and cannot sue Sherwood in redhibition for the reason that it has no longer title to the mobile home, having sold it to plaintiff in the main demand. It cannot tender the property to Sherwood Homes, Inc. It is actually attempting to protect Sherwood by defending the action. If Big Jim’s is successful in its defense, Sherwood is absolved of liability. In Edward Levy Metals, Inc., supra, the court said that prescription does not run against a party seeking indemnification until it has been cast, and in that case as in the instant case, appellant has not been cast in judgment.
*184 We are of the opinion that in view of Edward Levy Metals, Inc., supra, and the cases cited therein, the ten year prescriptive period is applicable, and the plea of prescription is overruled.
For the reasons assigned, the judgment of the district court is reversed. The plea of prescription is overruled, and the case is remanded to the district court for further proceedings.
Costs to await final determination of the case.
Reversed and remanded.