STOULIG, Judge.
This is an appeal from a judgment dismissing the suit of Fiberglass Insulators, Inc. (Fiberglass), against Scaffolding Rental and Erection Services, Inc. (Scaffolding), and its liability insurer, Zurich Insurance Company, on a finding that the suit was “ * * * strictly in tort, thus the one year prescription applied.” The trial court held prescription began to run on the date of the accident.
On July 24, 1975, Anthony Lucas, while driving a rental car for the benefit and with full authority of his employer Fiberglass, was involved in an automobile accident with a vehicle owned by Scaffolding. The automobile lessor, Agency Rent-a-Car, Inc. (Agency), filed suit against Fiberglass and Lucas on September 14, 1976, more than one year after the accident. On March 10, 1977, Fiberglass and Lucas were cast in judgment for $2,961.02 in damages because the rental agreement contained a provision requiring the lessee to reimburse the lessor for any damages to the vehicle while it was being leased, regardless of the negligence or non-negligence of the lessee driver.
On April 11, 1977, Fiberglass filed this suit for indemnification in which it alleged it was cast in judgment for $2,961.02 due to the negligence of Scaffolding’s driver and prayed for indemnification.
The trial court improperly applied the C.C. art. 3536 prescription of one year limiting suits for damages resulting from offenses or quasi-offenses. The petition states a claim for indemnification based on the negligent act of Scaffolding’s driver; however, if we concede for the sake of argument that a one-year rather than a 10-year prescription is applicable, C.C. art. 3537 stipulates prescription tolls from the date the damages are sustained. In this case the earliest date Fiberglass sustained damage is March 10, 1977, the date of the judgment or possibly the date said judgment became executory.
The original suit was not brought by Agency until more than a year had elapsed *68 from the date of the accident. During this period, Fiberglass, only vicariously liable under the doctrine of respondeat superior, had no cause of action for property damage because it did not own the car. Nor did it have a personal injury claim.
The inability of Fiberglass to state a cause of action within the year following the accident makes relevant the contra non valentem agere nulla currit praescriptio doctrine, which Black’s Law Dictionary, 4th Ed., translates: “No prescription runs against a person unable to bring an action.”
In Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580 (1963), the Court held that prescription against an action for indemnification does not begin to run until the party to whom it is due is cast in judgment. In Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970), the Supreme Court noted the contra non valentem doctrine has been infrequently applied in Louisiana cases. It points out that C.C. art. 3536 provides a prescription of one year to sue for “ * * * damages caused by * * * or resulting from offenses or quasi offenses * * * ”, which, under C.C. art. 3537, begins to toll from the time the damage is sustained.
As a general rule, the offense is committed and the resulting damage is sustained simultaneously, but in the ease of an indemnification action, the party vicariously liable in tort does not sustain the damage until the claim against him is liquidated by judgment.
In this case we rest our result on Levy and Cartwright and reverse the judgment of the district court. We note parenthetically that the Supreme Court has reached the same result by applying the equitable remedy afforded by the actio de in rem verso. (See Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 [1967].) The rationale of this approach is that one vicariously liable should not suffer a loss for which another is responsible or, stated another way, that the tort-feasor should not be unjustly enriched at the expense of the party constructively liable. A concise summary of both approaches to afford relief to the party seeking indemnification is found in Brenham v. Southern Pacific Company (W.D.La.), 328 F.Supp. 119 (1971), affirmed 469 F.2d 1095, cert. den. 409 U.S. 1061, 93 S.Ct. 560, 34 L.Ed.2d 513 (1972).
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings in the district court. Defendants are to pay the costs of this appeal.

REVERSED AND RENDERED.

SCHOTT, J., concurs with written reasons.