BOUTALL, Judge.
This is a suit to recover sums due under indemnity agreement.
Dr. Norman S. Hunt, appellant, entered into a general agreement of indemnity with Travelers Indemnity Company, Appellee, in consideration for appellee’s agreement to provide bonds in connection with construction work undertaken by Trans-Gulf Construction, Inc. One provision of the agreement provided that appellant would indemnify appellee against every claim incurred relating to the issuance of the bonds. This action was brought by Travelers to recover amounts allegedly owed under the contract in the nature of attorney’s fees resulting from the defense of claims. The trial court awarded judgment in favor of Travelers in the amount of $16,777.87. From this judgment, Dr. Hunt appeals.
Appellant’s first contention is that part of the claim is barred by prescription. The total of the attorney’s fees from which Travelers sought indemnity is $17,252.87, although the judgment did not award the entire amount. This bill was tendered to Dr. Hunt in two parts, however, with $10,-852.87 of the bill being sent in 1973, the remainder in 1976. Appellant contends that the cause of action on that part of the bill tendered in 1973 has prescribed since causes of action by attorneys for their fees prescribe in three years. Civil Code Article 3538. This is, however, not a claim for attorney’s fees, but rather a claim for indemnity under contract. Claims for indemnity under Louisiana law are prescribed in ten years. Civil Code Article 3544; Edward Levy v. New Orleans Public Belt Railroad, 148 So.2d 580 (La.1963). We therefore find that the claim is not barred by prescription.
Appellant’s second contention relates to one particular claim in which the attorney’s fees totaled $10,140.00, while the value of that claim, was only $2,184.23. Attorneys for Travelers finally prevailed in the Supreme Court after having judgment against them handed down by the District Court and affirmed by the Court of Appeals. It is clear that under the agreement in this case the final decision on whether to settle or to litigate any claim is reserved exclusively to Travelers.[1] This contention of appellants then seems to be based on the theory of abuse of rights, in other words, that the contract should not be judicially enforced if in light of all the circumstances, the action by the appellee constitutes an abusive exercise of its contractual right. See Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979); Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1977).
One criterion upon which the doctrine has been applied requires an examination of the purpose for which the right is granted. If the holder of the right exercises the right for a purpose other than that for which the right was granted, the right may have been *344 abused. See Illinois Central, supra.[2] This reasoning appears to be the basis for appellant’s argument. He contends that Travelers defended this claim for its own benefit and not to defend his interest. He further contends that the claim was not settled in reliance on the legal advice of Travelers’ attorneys and that he was not advised of the large fees required to appeal the case to both the Court of Appeals and the Supreme Court.
The evidence, however, convinces us that no abuse of right was present in this case. Herschel Abbott, the attorney who handled the case for Travelers, testified that Hugh Uhalt, an attorney for Dr. Hunt, attempted to settle the claim before trial. This was the general procedure followed and Uhalt had in fact settled a large percentage of the claims in this manner. On this occasion, he was unsuccessful and the case went to trial. After an unfavorable judgment, Abbott testified that he discussed the case with Uhalt and told him that if Dr. Hunt was not going to pay the judgment, Travelers would prosecute an appeal. The same communication took place after the Court of Appeal affirmed the judgment.
Uhalt testified that he did not approach Dr. Hunt about settlement of this case because “he, (Hunt) had just paid off a lump of money on one or another of the claims and I didn’t want to be the bearer of ill tidings to him again.” Uhalt also admitted to being aware of the course of events throughout this case. In view of this testimony, it is evident that the appellants could have settled this case at any time, but did not. Further, although Dr. Hunt testified that Uhalt had no authority to settle claims, Travelers was not unjustified in believing that he did have authority in view of the fact that he had done so in numerous instances, occasionally without consulting Dr. Hunt.
We therefore find that the appeal of the adverse judgment by Travelers did not constitute an abuse of a right. The evidence simply does not indicate that Travelers pursued this litigation for its own purposes while misleading appellants as to the ultimate cost, but rather that the actions of appellants’ attorney left Travelers with no other choice than to appeal. The trial judge ruled in accordance with the evidence and we affirm.
For all of the above reasons, the judgment below is affirmed at appellants’ cost.

AFFIRMED.

. A provision of the indemnity contract reads as follows:
“The Company shall have the exclusive right to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the Principal upon any such bond shall be settled or defended and its decision shall be binding and conclusive upon the In-demnitors.”

. French courts have generally rejected this criterion, however and refuse to apply the doctrine in these cases. See Cueto-Rua, Abuse of Rights, 35 La. Law Review 965 (1975, at 1002.)