372 So.2d 717 (1979)
ORLEANS PARISH SCHOOL BOARD
v.
PITTMAN CONSTRUCTION CO., INC., et al.
No. 9987.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
*718 Polack, Rosenberg, Rittenberg & Endom, Kenneth F. Sills, New Orleans, for third party defendant-appellee Leroy Oubre.
Kilbourne & Dart, Stephen P. Dart, St. Francisville, for Robertson L. Belden.
Bernard, Cassisa, Babst & Saporito, William H. Syll, Jr., Metairie, for defendant-appellee Rock win Corp., Inc.
Reuter & Reuter, Arthur C. Reuter, New Orleans, for defendants-appellants Pittman Construction Co., Inc. and Trinity Universal Ins. Co.
Before SAMUEL, BEER, and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a judgment which upheld certain dilatory and peremptory exceptions to a third-party petition. When structural failures were discovered within ten years from the completion of McDonough No. 45 school, the Orleans Parish School Board sued the contractors and architects who built it. Pittman Construction Co., Inc., the general contractor, was a defendant in the main demand and filed a number of third-party demands for indemnification. The exceptions raised by Leroy Oubre and Robertson L. Belden to Pittman's third-party demands are the subject of this appeal.
The principal point disputed here is whether Pittman has a cause of action against Oubre, who was clerk-of-the-works for construction and an employee of the architect. Oubre's exceptions of vagueness, prescription, and no cause of action were tried before a Commissioner, who recommended that the district court maintain the exception of no cause of action. The Commissioner reasoned that any action against
*719 Oubre had been barred by the passage of ten years, in accord with R.S. 9:2772. The district court acted on the recommendation, maintaining Oubre's exception. Pittman has appealed.
The text of R.S. 9:2772 reads as follows:
"A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he had completed the design and planning with regard to actions against that person.
B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
E. The pre-emptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability of responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
G. Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later."
The time sequence applicable here is as follows:

August 24, 1959______Pittman contracted with
 Orleans Parish School
 Board to construct school.
September 14, 1960___School Board's acceptance
 of construction recorded.
July 29, 1964________Effective date of R.S. 9:2772
 (Act 189 of 1964).

*720
September 1, 1968____Approximate date School
 Board discovered alleged
 structural failures.
August 1, 1969_______School Board filed suit
 against Pittman, architects,
 and others.
June 29, 1973________Pittman filed third-party
 demands against Oubre and
 others.

It is obvious that R.S. 9:2772, if applicable, would destroy Pittman's cause of action against Oubre, since more than ten years passed between the date construction was accepted and the date Pittman filed its third-party suit against Oubre, and since the statute's "pre-emptive" period extends to "every demand whether brought ... for contribution or indemnity or by third-party practice ...." (See last paragraph of Section B of statute.)[1]
Appellant Pittman argues that R.S. 9:2772 is not applicable because it did not become effective till July 29, 1964, almost four years after the School Board filed its acceptance of construction, and that to apply it here would give it retroactive application, which Pittman contends cannot be done.
Laws usually are deemed to be only prospective in effect unless their language clearly indicates otherwise. Nonetheless, laws which are interpretive, curative or procedural are exceptions to this rule. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978). However, a law cannot be retroactively applied in any case where it would operate unconstitutionally to divest vested rights. Lott v. Haley, 370 So.2d 521 (La.1979).
"It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. ... However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitution apply retroactively to disturb a person of a pre-existing right. ... Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. ... Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. ... Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. ..." [Citations omitted.] Lott v. Haley, supra, at 523-524.
Applying the principles of Lott v. Haley to R.S. 9:2772, we conclude that the statute can be applied in this case without depriving Pittman of any vested rights, because the statute by its own terms allows "a reasonable time for those affected by the act to assert their rights." Lott v. Haley, supra, at 524. The School Board filed suit against Pittman on August 1, 1969. Under the terms of the statute (Section G), Pittman had until September 14, 1970 to file its third-party demands. In fact, even had the School Board not filed suit until the very last minute (September 14, 1970), Pittman would have had until September 14, 1971 to file its third-party claims, according to Section C of the statute.
Further, we find that this statute is remedial in nature. The clear intent of the statute is to limit the time within which actions may be brought to a certain period after completion of the improvement. See Title of Act, Acts 1954, No. 189 § 1 ("§ 2772. Pre-emptive period for actions involving deficiencies in design, supervision or construction of improvements to immovables").
*721 Previously, the time from which a prescriptive period for an action now covered by the statute was measured varied according to the interpretation of an individual court as well as to the type of action. See, for example, Brasher v. City of Alexandria, 215 La. 887, 41 So.2d 819 (1949); American Mutual Liability Insurance Co. v. Favret, 224 F.Supp. 477 (E.D.La.1963); Orleans Parish School Board v. Pittman Construction Co., Inc., 261 La. 665, 260 So.2d 661 (La.1972). R.S. 9:2772, however, preempts such causes of action and cures what the legislature found to be an overexposure to liability of contractors under the jurisprudence.
Since the statute is remedial in nature, it can be applied retroactively even in the absence of language to that effect. See Ardoin v. Hartford Acc. & Indem. Co., supra. Thus, the "pre-emptive" period of R.S. 9:2772 is applicable here because Pittman failed to assert its claim against Oubre until June 29, 1973.
We can dispose quickly of the other question before us. Robertson Belden, also named a third-party defendant by Pittman, filed an exception of improper citation, which was sustained by the district court. However, the judgment failed to order Pittman to cure the defect, as provided by La.C.Civ.P. Art. 933.[2] Belden answered Pittman's appeal and prayed that the judgment be modified to provide for curing the defect. Pittman has not contested this issue and we see no reason not to grant Belden's request.
Finally, we note that Rockwin Corporation made an appearance on appeal to protect the district court's judgment in its favor. (The judgment maintained Rockwin's exception of improper citation.) However, appellant Pittman raised no issue in its brief regarding Rockwin, and on oral argument Pittman's counsel noted that Pittman has no objection to affirmance of the judgment in Rockwin's favor. Therefore, we affirm that portion of the judgment.

DECREE
Accordingly, the judgment of the district court is amended to order third-party plaintiff Pittman Construction Company to properly cite third-party defendant Robertson L. Belden, within thirty (30) days of the date this judgment becomes final, in default of which Pittman Construction Co., Inc.'s suit against Robertson L. Belden shall be dismissed. In all other respects, the judgment of the district court is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] If R.S. 9:2772 were not applicable, then Pittman would be able to maintain its suit against Oubre, because prescription does not begin to run on a claim for indemnity until the party seeking indemnification has been cast in judgment. Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580 (La. 1963).
[2] The relevant portion of La.C.Civ.P. Art. 933 is the following:

"When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for noncompliance with this order."