PLOTKIN, Judge.
Third-party plaintiffs, Reising Sunrise Bakery and Fireman’s Fund Insurance Co., appeal a trial court judgment dismissing their claim against third-party defendant, Royal Sonesta, Inc., for contribution to a worker’s compensation settlement made to original plaintiff, Eldred Charles Gilmore. We affirm.
Gilmore suffered an injury to his left shoulder on October 26, 1976, while in the employ of Royal Sonesta. As a result of the injury, which eventually required surgery, Gilmore’s physician, Dr. George R. Cary, assigned a 20 percent anatomical disability to the left extremity. Gilmore testified by deposition that Royal Sonesta paid him $5800, and that the company continued to pay his medical bills even after he received the money. Despite the residual disability, Dr. Cary released Gilmore to regular duty. Thereafter, Gilmore engaged in various employments with a number of local businesses, but stated in his deposition that the left shoulder injury did hinder his performance somewhat because he could not lift with his left shoulder and because he used his right arm to “protect” his left shoulder at all times.
Gilmore suffered a second injury, this time to his right shoulder, on September 4, 1981, while in the employ of Reising Sunrise Bakery. As a result of this injury, which required surgery identical to that performed on the left shoulder, Dr. Cary assigned a 20 percent impairment to the right extremity. Gilmore’s total disability, determined by adding the two injuries together, was therefore 40 percent. Because of that combined disability rating, Dr. Cary restricted Gilmore to light duty, instructing him not to lift more than 35 pounds.
Gilmore brought suit against Reising Sunrise, seeking workers’ compensation benefits for total, permanent disability. Reising Sunrise filed a third-party action against Royal Sonesta, stating that Gilmore’s disability was more severe than it would have been had the preexisting injury to the left shoulder not been present. Reising Sunrise then entered a court-approved settlement with Gilmore for $19,-893.32, reserving its right of contribution against Royal Sonesta. Gilmore also reserved his rights against Royal Sonesta and assigned those rights to Reising Sunrise.
Following a brief trial on the third-party demand, the district court rendered judgment in favor of Royal Sonesta, dismissing Reising Sunrise’s claim on the basis of the following findings: (1) that Gilmore had fully recovered from the first injury prior to the injury at Reising Sunrise and (2) that Gilmore was not permanently and totally disabled even after the second accident. We agree with this result, but base our holding on different legal reasons than those articulated by the trial judge.
We begin by noting that the instant case presents a set of factual circumstances which is res nova in the existing workers’ compensation jurisprudence of this state. The Louisiana Supreme Court recently summarized the caselaw involving disabilities caused by two or more accidents as follows:
It is an emerging general principle of our workers’ compensation law that, where succeeding employments contrib *1174 ute to disability, compensation liability falls solidarity on each succeeding employer. Thus, it has been held that when a worker is disabled as a result of the combination of two or more successive accidents in separate and succeeding employments each employer is solidarity liable for the total amount of benefits. The employee may, at his option, obtain an award for the entire disability against any one or more of successive employers whose employment contributed to the disability.
Gales v. Gold Bond Bldg. Products, 493 So.2d 611, 614 (La.1986).
LSA-R.S. art. 23:1209, which governs prescription in workers’ compensation cases, provides as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. ... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Appellant argues that this prescriptive statute does not apply to the case at hand because when contribution is involved, the prescriptive period does not begin until the party seeking contribution has been cast in judgment. Edward Levy Metals, Inc. v. New Orleans Public Belt R., 243 La. 860, 148 So.2d 580, 583 (1963); Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633, 635 (La.App. 4th Cir.1979). Since the third-party demand was filed prior to the settlement in this case, appellant reasons that the claim for contribution must have been timely filed.
The appellant’s argument, which at first blush has great appeal, is too simplistic. The pertinent Louisiana provisions regarding solidary obligations are as follows:
An obligation is solidary for the obli-gors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
La.C.C. art. 1794.
A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules or procedure, whether or not that third party has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff.
La.C.C. art. 1805.
Under the express terms of La.C.C. art. 1805, a suit for contribution is appropriate only against a solidary co-debtor. However, we find that despite the general rule cited above Royal Sonesta was not a soli-dary co-debtor with Reising Sunrise at the time the third-party demand for contribution was filed August 5, 1983. The instant case is factually distinctive from all of the cases cited by appellant and all of the cases summarized by the passage in the Supreme Court’s decision in Gales, supra, quoted above. In the instant case, no suit was filed against the employer at the time of the first injury within the two-year preemptive period provided by LSA-R.S. 23:1209. Under Louisiana law, “peremption” totally destroys a previously-existing right to recovery so that the cause of action no longer exists to be enforced. KSLA-TV, Inc. v. Radio Corp. of America, 732 F.2d 441 (5th Cir.1984). Once the preemptive period passed without suit, any cause of action against Royal Sonesta on the basis of the first accident ceased to exist. Obviously, Gilmore could not have sued both employers for permanent, total disability benefits. *1175 Reising Sunrise could not do indirectly what Gilmore would have been prevented from doing directly. Reising Sunrise’s right to seek contribution from Royal Sonesta depends upon the existence of a cause of action, which is not present under the instant facts. Neither Gilmore or Reis-ing Sunrise has any recourse against Royal Sonesta for injuries occurring more than two years prior to the filing of the suit. An obligation which no longer exists cannot operate to bind Royal Sonesta as a solidary obligor with Reising Sunrise.
Because we find that Royal Sonesta and Reising Sunrise were never solidary co-debtors, Reising Sunrise cannot evoke the contribution provision of La.C.C. arts. 1804 and 1805. We limit this rule to the facts of the instant ease, involving a second employer seeking contribution from a first employer for the effect of a preexisting injury on its workers’ compensation liability where the worker’s claim against the first employer has prescribed. We do not intend for this decision to have any effect on existing exceptions to the prescription articles.
For the reasons stated above, we find that the trial court’s judgment dismissing the third-party demand was proper. It is hereby affirmed.
AFFIRMED.