DUFRESNE, Judge.
This is an appeal from a judgment sustaining an exception of prescription urged by Avondale Container Yard Storage and Repair, Inc. (ACY), defendant-appellee, in a suit brought by Reynolds Metals Company, plaintiff-appellant, for damages to freight during shipment by rail. For the following reasons, we reverse that judgment, and remand the matter for further proceedings.
Reynolds avers in its suit that it contracted in 1986, with ACY for the blocking and bracing of several rolls of aluminum sheeting on a rail car prior to shipment. It is alleged that ACY breached its duty under the contract to properly perform the blocking, and as a result several of the rolls were damaged when they shifted during transit. The suit was filed over four years after the damage was discovered by Reynolds upon receipt of the freight at its destination.
In support of its exception, ACY relies upon La.R.S. 45:1100, which states:
All actions by or against common carriers for the collection or recovery of erroneous freight charges, and all actions for loss of or damage to shipments of freight, shall be prescribed by the lapse of two years, from the date of shipment.
In Edward Levy Metals, Inc. v. New Orleans Public Belt R.R., 243 La. 860, 148 So.2d 580 (1963), the court interpreted this statute as follows:
This prescription may be invoked by the carrier or shipper against claims asserted against it and is not available to parties occupying the position of third party defendant here who are not privy to the contract of affreightment, (at 148 So.2d 584).
Reynolds, contends that the contract at issue was not one for affreightment, but rather only for securing the load, and further that ACY was neither the carrier or shipper of the goods, nor a party to the contract of affreightment with the railroad. It contends that La.R.S. 45:1100, thus does not apply to this action, citing Edward Levy Metals, Inc., supra, but rather that the ten year prescriptive period of La.Civ. Code, art. 3499, controls.
*128 For its part ACY asserts that it is indeed a licensed interstate carrier, and that the present contract required, in addition to the blocking, that it transport the goods from the rail yard to its own yard, and then back again. Its theory of the matter is that the contract was one of affreightment because it was, in part, for the movement of the freight as a step in the overall process of transporting it from its place of origin to its final destination. It contends that La. R.S. 45:1100, does therefore apply, and that this action is thus barred by the two year limitation of that statute. The difficulty with this argument is that it is based on alleged facts which are not established in the scant record before us.
Reynolds sued under a contract to which the ten year prescriptive period of La.Civ. Code, art. 3499, facially applies. In urging the two year prescriptive period of La.R.S. 45:1100, it was incumbent upon ACY to prove facts which would bring the matter within the provisions of that statute, Pearson v. Hartford Accident and Indemnity Co., 281 So.2d 724 (La.1973). This it has simply not done.
The contract itself (which we assume was written because it is quoted in part in ACY’s brief to this court), does not appear in the record, and there is no minute entry or other allusion in either parties’ papers to indicate that it was ever offered into or made a part of that record. Neither is there any testimonial or documentary evidence to establish what exactly ACY was required to do pursuant to that agreement, or whether it is in fact a common carrier and, if so that it was acting in that capacity in the present transaction.
All that the record does contain in the way of documents is the petition, the exception, and memoranda in support of and in opposition to the exception. The five page transcript of the hearing on the exception is limited to legal argument of counsel, and although reference is made there to the contents of the contract, at no time was it offered into evidence. Neither were there any stipulations as to any matters contained in the contract or to the nature of the entire work to be performed under its terms by ACY. Whether the trial judge had access to the contract in reaching his decision, we do not know. We do know, however, that it is not a part of the record before us.
On this showing, we can only conclude that ACY has failed to meet its burden of proving any facts which might arguably bring this case within the ambit of La.R.S. 45:1100. We must therefore reverse the judgment sustaining the exception of prescription, and remand the case for further proceedings.
REVERSED AND REMANDED.