PETTIGREW, J.
laThis appeal challenges a judgment rendered October 14, 2003, pursuant to a bench trial in favor of plaintiffs-appellees, Susan M. Snow a/k/a Susan Medeiros and Focus, Inc. d/b/a Seashore Graphics (collectively, “Snow”), and against defendants-appellants, Leon Weyant, Resource Capital Corporation, Hotel’s Choice, L.L.C. d/b/a PFT Printers & Publishers and d/b/a *36 Trade Graphics, jointly, severally, and solidarity, for the sum of $35,500.00, plus legal interest from the date of delivery, August 27, 1999, and all court costs. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
In late July or early August of 1999, Weyant learned that Snow was closing the business of Seashore Graphics and was selling some printing equipment. Weyant met with Snow in the summer of 1999 to inquire about the equipment that was for sale. An agreement was reached between the parties for various pieces of equipment, but of particular importance to this case is the agreement between Weyant and Snow on a sales contract for a 1997 Heidelberg Quickmaster 46-2 printing press for $36,000.00. At the time of trial, the parties contested whether Weyant disclosed to Snow at the time of the agreed sale that he was acting as an agent for Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishing and d/b/a Trade Graphics. Weyant claimed that he disclosed this information; Snow claimed he did not. The evidence demonstrated that at the time of the agreed sale, Weyant’s girlfriend, Vicki Dear, rather than Weyant, was the actual owner of Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishing and d/b/a Trade Graphics.
A couple of weeks after the agreed sale of the above Heidelberg printing press, Weyant contacted Snow and informed her that he would be purchasing the equipment through Resource Capital Corporation (“RCC”), but in fact, RCC would be listed as the purchaser and RCC would lease the printing press back to him. Snow received documentation from RCC confirming this information and executed a bill of sale and invoice to RCC in order to facilitate prompt payment for the printing press. Thereafter, Snow received confirmation from RCC that Weyant’s lease had been approved for the purchase price. Upon this reliance, Snow allowed Weyant to take delivery of the printing-press that was placed at the facilities of Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishers and d/b/a Trade Graphics.
Although Weyant took delivery of the printing press in August 1999, neither he nor RCC ever paid for the press although Weyant and Hotel’s Choice L.L.C. maintained continuous possession and use of the press until the time of the trial. Wey-ant, in fact, made allegations that there were defects or problems with the printing press and made demand upon Snow for reimbursement of repairs that were never made as well as for the cost of delivery of the press back to Snow.
On or about August 9, 2000, Snow filed suit against Weyant, R.C.C., and Hotel’s Choice L.L.C.[1] d/b/a PFT Printers & Publishers as defendants therein, alleging breach of contract, fraud, misrepresentation, inducement of Snow to rely upon the representation of Weyant, PFT Printers & Publishers, and RCC, and for the wrongful conversion of the printing press.
On May 12, 2003, Snow filed a motion for summary judgment against RCC, Wey-ant, and Hotel’s Choice, L.L.C. d/b/a PFT Printers & Publishers. The trial court, on June 13, 2003, rendered judgment in favor of Snow and against RCC for contractual damages in the principle amount of $35,500.00, plus judicial interest from date of judicial demand until paid, in addition to twenty-five (25%) percent attorney’s fees, and for all costs of these proceedings. The trial court however declined to grant *37 Snow’s motion for summary judgment with respect to Weyant and Hotels Choice, L.L.C. d/b/a PFT Printers & Publishers. No appeal was taken from this summary judgment.
On August 19, 2003, a trial on the merits against the remaining defendants and causes of action was heard. Judgment was rendered in favor of Snow and against Weyant, RCC, and Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishers and d/b/a Trade Graphics, concluding that said defendants had committed fraud and, were therefore, | jointly, severally, and solidarily liable to Snow for the sum of $35,500.00, plus legal interest from the date of delivery, August 27, 1999, and all court costs.
From this judgment, defendants now appeal.
On appeal, Weyant and Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishers set forth the following assignments of error, and contend that the trial court erred in the following respects:
1. In finding that Mr. Weyant and Hotel’s Choice, L.L.C. converted the plaintiff-appellee’s printer to their own use.
2. In awarding to the plaintiff-appel-lees the sales price of the printer, instead of simply ordering the defendant-appellants to return of [sic] the printer to the plaintiff-appellees.
3. In finding that the conduct of Mr. Weyant and Hotel’s Choice, L.L.C. was fraudulent as regards the failed transaction with the plaintiff-appel-lees.
4. In finding that Mr. Weyant did not disclose any agency relationship between himself and Hotel’s Choice at the time the agreement to buy and sell was made between the parties herein.
DISCUSSION
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const. art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). When the court of appeal finds that a reversible error or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, 844, n. 2 (La.1989).
The common law tort of conversion had been recognized by Louisiana courts as a quasi offense pursuant to La.Civ.Code art. 2315. Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580, 582 (1963). However, with the advent of comparative fault under La. Civ.Code art. 2323, the Louisiana Supreme Court has distinguished the common law conversion based upon strict liability and Louisiana civilian conversion based upon comparative fault. Dual Drilling Company v. Mills Equipment, 98-0343, pp. 3-4 (La.12/1/98), 721 So.2d 853, 856-58. Louisiana civilian conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. Dual *38 Drilling Company, 98-0343 at 4, 721 So.2d at 857.
The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation. Dual Drilling Company, 98-0343 at 5, 721 So.2d at 857.
The trial court, in its reasons for judgment, made several specific findings of fact that are specifically referred to herein by reference.
After a thorough review of the record of this proceeding, we find that the assignments of error raised by Weyant and Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishers address factual findings determined by the trial court and addressed in its reasons for judgment. The Louisiana Supreme Court has set forth a two-part test for reversal of a fact finder’s determinations: 1) the appellate court must find from the record that a reasonable factual basis does not exist for the findings of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong. Stobart, 617 So.2d at 882.
We cannot say that the trial court did not have a reasonable factual basis for the findings that it made, nor can we conclude based upon a review of the record that the findings returned by the trial court were clearly wrong. Accordingly, the assignments of error raised by Weyant and Hotel’s Choice L.L.C. d/b/a PFT Printers & Publishers are without merit.
^CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed. All costs associated with this appeal shall be assessed against defendants-appellants, Leon Weyant and Hotel’s Choice, L.L.C. d/b/a PFT Printers & Publishers.
AFFIRMED.
J^REASONS FOR JUDGMENT
This matter came before the Court for trial on August 19, 2003. The Court considering the evidence presented at trial issues these reasons for judgment.
The Court finds that the petitioner Susan Medeiros (Snow) and Focus, Inc. d/b/a Seashore Graphics (hereinafter referred to as “Snow”) and the defendant Leon Wey-ant (“Weyant”) entered into a sale contract for a 1997 Heidelberg Quickmaster 46-2 printer at the stated price of $36,000. This alone was a transfer of ownership. C.C. art. 2456. The Court finds that, at the time of the sale agreement, Weyant was not an owner of Hotel’s Choice, L.L.C. d/b/a PFT Printers & Publishers and d/b/a Trade Graphics (“Hotel’s Choice”). Further, the Court finds that, Weyant did not disclose any agency relationship to Snow between himself and Hotel’s Choice, if any existed.
The Court finds that Snow is entitled to the agreed $36,000. purchase price, less the amount of $450. which was the amount of the only repair cost proved at trial. Weyant took delivery of the printer from Snow’s location; he arranged for the movers to pick it up. There were no conditions to Snow receiving full payment. Snow allowed Weyant to take possession of the printer by having it removed from her business premises, with assurances that payment would be forwarded promptly. The Court finds that any agreement involving Resource Capital Corporation (“RCC”) was solely for the purposes of facilitating Weyant’s financing of the purchase amount. The Court finds that Snow’s lienholders agreed to release their chattel liens upon payment, and that nei *39 ther RCC nor Weyant requested from the lienholders the written figures to secure the lien releases, despite full disclosure by Snow of the liens.
Snow was never paid for the printing press. The Court finds that the defendants Weyant and/or Hotel’s Choice have had continuous use and possession of the machine since Weyant had it picked it up from Snow’s business location on 08/27/1999. The Court finds that the defendants | gWeyant, Hotel’s Choice and RCC have deprived Snow of use and possession of the machine since that date. No defendant ever advised Snow that the financing was not approved and that payment promised would not be forthcoming.
Though none of the agreed purchase price was paid by any of the defendants to Snow, the defendants never offered to unconditionally return, or allow her to retake possession of, the press. Weyant imposed conditions and demands for payment of money damages in his letters to Snow addressing her retrieving the printer. On one occasion, defendant Weyant sent a letter to Snow demanding reimbursement of repair costs and delivery charges [which were not proved at trial], as well as payment to Weyant for the difference in price from the machine in question and the cost of a new press, for a total of $7,200. [P6] On another occasion, Weyant responded to Snow’s demand for payment by demanding damages for “damage to credit” and “loss of lease”, requiring that Snow make arrangements to pick up the press, move and re-level other equipment on the premises in the way of removing the press, and as well assessed storage charges of $50. a day. [P8] The Court finds that Weyant and Hotel’s Choice, LLC would not unconditionally return or release the printer to Snow.
The Court finds that when Snow went to the business premises of Hotel’s Choice LLC (PFT Printers & Publishers), she was told by the owner Vicky Deer and an employee Russell Clatterbuck to leave or she would be charged w/ trespass. She observed the printing press in use and operating. Weyant and/or Hotel’s Choice LLC have used the printer since the date Weyant had it delivered there. The defendants had no evidence to support their claims that the printer was inoperable or received in a damaged condition, and the Court does not find these claims to be credible.
Therefore the Court finds that Weyant, Hotel’s Choice LLC, and RCC wilfully conspired to deprive Snow of the printer and/or the agreed monetary consideration for it, refused to return the printer to her or allow her to retrieve it, converted the printer to their own use, and benefited from the use of the printer while paying no consideration for same. The Court finds that the acts of these defendants were fraudulent. The Court finds that Weyant, Hotel’s Choice and RCC were in bad faith.
For the foregoing reasons, the Court rules in favor Susan Medeiros (Snow) and Focus, Inc. d/b/a Seashore Graphics and against the defendants: Leon Weyant; and, Hotel’s Choice, L.L.C. d/b/a PFT Printers & Publishers and d/b/a Trade Graphics; and finds that the defendants Weyant and Hotel’s Choice are liable jointly and solidarily with each other, and with Resource Capital Corporation, to the plaintiffs and awards the sum of $35,550. plus legal interest from date of delivery 08/27/1999 [C.C. arts. 2550 and 2553] and all court costs.

. Hotel's Choice L.L.C. is a Louisiana limited liability company ("L.L.C.”), owned and operated by Weyant and PFT Printers & Publishers.